Mary Latham Jacobs, Appellant, v. Whipple Jacobs, Appellee.

Gen. No. 43,232.

134

Opinion filed February 13, 1946. Rehearing denied March 29, 1946. Released for publication March 29, 1946.

TAYLOR, MILLER, BUSCH & BOYDEN, of Chicago, for appellant; FRANCIS X. BUSCH and CASSIUS M. DOTY, both of Chicago, of counsel.

BELL, BOYD & MARSHALL and CANTWELL & CANTWELL, all of Chicago, for appellee; ROBERT E. CANTWELL, JR. and LOUIS YAGER CANTWELL, both of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Mary Latham Jacobs (hereinafter called "plaintiff") filed an amended petition for the construction and modification of certain provisions of a divorce

decree relating to alimony and children's support, payments into an educational fund for the children, and for an increase in alimony and support money for the children. After a hearing on the issues of law raised by the answer of defendant Whipple Jacobs and plaintiff's replication, the chancellor denied and dismissed the petition. Plaintiff appeals.

It appears that the parties were married on the 20th day of October 1923, and that three children were born of the marriage. On the 28th day of March 1941, they entered into a written contract providing for the permanent support and maintenance of the plaintiff and their children. On the 12th day of April 1941, plaintiff filed her bill for divorce, and on the 14th day of May 1941, a decree was entered, granting a divorce to the plaintiff from defendant on the ground of desertion. The contract theretofore entered into between the plaintiff and defendant on March 28, 1941, was incorporated into and made a part of the divorce decree. The pertinent provisions of the contract are articles 1 and 2 which appear in the divorce decree and read as follows:

## "ARTICLE I

"The Husband agrees to pay to the Wife for her support and maintenance, and for the support, maintenance and education of the Children (subject to the abatement hereinafter provided) the sum of $700 per month, on the first day of each month, commencing with the month of April, 1941; provided, however, that:

"(a) Said monthly payments of $700 per month shall be reduced in the amount of $100: (1) on July 1, 1947, or upon the prior death of said William Latham Jacobs; (2) on July 1, 1949, or upon the prior death or marriage of said Nancy Jacobs; (3) on July 1, 1952, or upon the prior death or marriage of said Ann Jacobs.

"(b) In the event of the divorce of the parties and subsequent remarriage of the Wife then from and after her remarriage each monthly payment shall comprise,

in lieu of the amount provided for in the foregoing paragraph, $100 per month for said William Latham Jacobs until July 1, 1947; $100 per month for said Nancy Jacobs until July 1, 1949; and $100 per month for said Ann Jacobs until July 1, 1952.''

''Article II

''The Husband further agrees to pay to the Wife as an 'Educational Fund' for the education of said Children, jointly and severally, sums as follows:

''(a) One-ninth of his net income (as hereinafter defined) over $20,000 for each calendar year, beginning with the calendar year 1941, until July 1, 1947 or the previous death of said William Latham Jacobs.

''(b) One-ninth of his net income (as hereinafter defined) over $20,000 for each calendar year, beginning with the calendar year 1941, until July 1, 1949, or the earlier death or marriage of said Nancy Jacobs.

''(c) One-ninth of his net income (as hereinafter defined) over $20,000 for each calendar year, beginning with the calendar year 1941, until July 1, 1952, or the earlier death or marriage of said Ann Jacobs.

''The term 'net income' as used herein shall mean the amount written in line 1 (from Schedule A) of Form 1040 of the United States Bureau of Internal Revenue in use for 1940 income tax returns, or the corresponding item in forms hereinafter issued, less the amount of income tax which would have been payable, or would be payable were that amount the net income to be written in line 20 of such form. It is recognized by the parties that the business income of the Husband may at some time in the future be not in the form of salary or bonuses; and in that event it is understood and agreed that the income of the Husband is to be deemed the income from the business in which he is then engaged, less the corresponding income tax which would have been payable or would be payable were that amount entered on line 20 of said form as 'net income.'

"The said sum shall be paid to the Wife for the benefit of the Children on or before March 15 of each year, beginning with the year 1942.

"Until July 1, 1952, the Husband agrees to deliver to the Wife, simultaneously with the filing thereof with the United States government, a copy of each income tax return or amended income tax return so filed.

"Said Educational Fund may be used by the Wife in her own absolute discretion in the education of the Children. Any surplus remaining in this fund on July 1, 1952, shall be paid equally to the Children, or the survivors or survivor of them, as a gift from the Husband."

When the divorce decree was entered in 1941, alimony paid by defendant to plaintiff could not be deducted from the gross income of the defendant in determining the net income tax payable by the defendant under the provisions of the Internal Revenue Code, nor was the alimony received by the plaintiff subject to an income tax. Under the provisions of subsection (k) of section 22 of the Internal Revenue Act, effective October 21, 1942, alimony paid by the defendant in accordance with the provisions of the divorce decree was deductible from defendant's gross income in determining his net income subject to income tax; and the alimony received by plaintiff was subject to an income tax. Notwithstanding the amendments to the Internal Revenue Code in 1942, defendant continued to make deductions in 1942 and 1943 from his gross income as he did in 1941 before the amendments were adopted. As a result of these amendments the income tax paid by plaintiff was much higher. By defendant's method of computation, nothing was due the educational fund as provided in article 2 of the divorce decree for the years 1942 and 1943.

Plaintiff's amended petition prays that: (1) defendant be required to pay petitioner for the educational fund the amounts payable by defendant on

account of his 1942 and 1943 income under said decree, computing his liability on a basis of allowing as a deduction from his income for personal services in excess of $20,000 only the amount of income taxes defendant was legally required to pay on his income for personal services in each of said years; (2) that the provisions of the divorce decree be amended so as to read substantially as follows: The husband shall pay to the wife for her support and maintenance the sum of $400 monthly, commencing with the month of April 1941, and the further sum of $300 monthly commencing with the month of April 1941, for the support, maintenance and education of the children; provided, however, that said monthly payments of $300 for the support, maintenance and education of the children shall be reduced as provided in the original decree; (3) that the ''net income'' as defined in article 2 be modified so that the defendant in computing his liability to make payment to the educational fund may deduct from his gross income derived from salary and bonus only the amount of income tax he is lawfully required to pay thereon; (4) the amount of alimony to be paid by defendant to petitioner be increased to meet the change in the financial status of petitioner; (5) defendant be required to pay petitioner's reasonable attorney's fees.

Defendant's answer averred in substance that plaintiff's contentions are not in accord with the strict reading of the contract nor with the intent of the parties; that the payment of $100 on the respective children reaching a certain age obligates the defendant to make these payments long after each of the children reaches his or her legal majority, and that under the rulings of the Internal Revenue Code the tax on $3,600 is as a matter of fact payable by plaintiff and not by defendant. The answer denies that there is a change in the plaintiff's circumstances, except that the plaintiff must now pay income taxes as decreed by the con-

gress of the United States, and that the sole basis for this petition is a change in the revenue code necessitating that petitioner pay taxes and thereby share in the war effort.

Plaintiff's replication to defendant's answer denies that under the rulings of the Internal Revenue Code the tax on $3,600 a year now payable to the minor children of the plaintiff and defendant is payable by the plaintiff.

Defendant's principal contentions are (1) that the construction and interpretation of the contract as merged in the consent divorce decree is not within the jurisdiction of the trial court under section 18 of the Divorce Act [Ill. Rev. Stat. 1945, ch. 40, par. 19; Jones Ill. Stats. Ann. 109.186]; and (2) that the change in circumstances arising out of the change in the 1942 federal income tax law is not such a material change as to require this court to take jurisdiction.

The trial court rested its decision upon the ground that (Deft's brf. p. 22):

"When congress changed the income tax law in 1942 it did not contemplate that the payee (wife) could escape its tax burden and restore the burden on the alimony payor (husband) through a court order for an increase in alimony for the purpose of paying taxes. . . . It would seriously interfere with collection of federal taxes and would convert our state courts into courts for the adjustment of federal taxes."

After a decree is rendered, the rights of the parties rest upon the decree and not upon their agreement. When making a change in the alimony, the court should take into consideration the property and income of the parties, their ages, health, and social conditions, and whether there are children dependent upon them for support. (*Herrick v. Herrick,* 319 Ill. 146.) The court is not deprived of the power to modify a consent decree. Grounds for divorce, payment of alimony, and

modification of divorce decrees are regulated by statute. When dealing with such matters a court is exercising powers granted by the legislature and cannot by incorporating a contractual provision in its decree divest itself of the power to modify, contrary to the legislative will. (*Adler v. Adler,* 373 Ill. 361, 372.) In *Maginnis v. Maginnis,* 323 Ill. 113, 117, the court said:

"The power to make such modifications is not exhausted by the entry of the original order fixing the amount, but under the statute is a continuing power to modify the provisions of the decree in that respect at any time, according to the varying needs and circumstances of the parties. Nor is an express reservation of the power in the decree necessary, for the power exists and may be exercised whether so reserved or not."

Again, at page 118:

"Agreements of that character, **when not entered** into for the purpose of facilitating a divorce, become merged in the decree and lose their contractual nature, to the extent, at least, that the court has the power to modify the decree, upon the application of either party, when a modification is justified by altered circumstances."

The language of article 1 of the divorce decree clearly indicates that $300 of the monthly payments of $700 made by the defendant to plaintiff was intended for the support of the children and not as alimony for the plaintiff. Since the law is well established that the court has the power to modify the decree, we think the chancellor erred in not modifying it as prayed for in the petition, by separating the alimony from the children's support money.

Defendant's next contention leads us to a consideration of whether the court can modify the terms of a divorce decree on the ground that the change in the federal income tax law in 1942 caused a material change in the financial status of the plaintiff. This

question has not heretofore been determined in Illinois. On oral argument before this court, defendant's counsel maintained that the court was precluded from adjusting plaintiff's alimony, on the theory that the rights of the parties were determined and fixed by the divorce decree in 1941. He also urged, for the same reason, that an increase in the husband's income taxes after the entry of the decree would not warrant a reconsideration, by the chancellor, of the alimony paid by the husband, in the event he should petition for a reduction. At the trial of the case, the chancellor indicated that the plaintiff was attempting to defeat the intent of congress in amending the income tax law, by transferring her tax burden to the defendant. Plaintiff's income tax expenditures, it seems to us, cannot be distinguished from any other of her necessary expenses, such as those for food, shelter, and clothing, all being equally necessary for her maintenance. In the recent case of *Kraunz v. Kraunz*, 293 N. Y. 152, an action for separation involving a change in the financial circumstances due to the amendment of the Internal Revenue Code, sec. 22, subd. (k), substantially the same arguments were advanced as in the case at bar. At page 156, the court said:

"In fixing the alimony to be paid by a defendant under a judgment of separation presently granted the court would certainly take into account the income and other taxes which the wife and husband would probably be compelled to pay. Only the balance which remains after such payment will be available for the support or enjoyment of either husband or wife. No public policy embodied in the tax statutes is thwarted by the courts when they direct a defendant in a matrimonial action to pay to his wife for her support and for the maintenance of his children a sum commensurate with his financial ability to pay and sufficient to furnish proper support after taxes are paid. Justice requires that the amount of alimony should be measured by that standard both when the judgment is

granted and when application is made for its modification.''

We think any decrease in the wife's income, whether due to the payment of income taxes or to any other reason which reduces her income beyond what is necessary for her station in life may be considered. (*Russell v. Russell*, 142 F. (2d) 753, at page 754.)

From the pleadings in the case at bar it appears that as a result of the amendments to the Internal Revenue Code of 1942 the balance remaining in the hands of the plaintiff was substantially reduced after the payment of her income tax, whereas the balance remaining in the hands of the defendant after the payment of his income taxes was substantially increased. We hold that this change in the financial status of the parties was sufficient to justify the chancellor in modifying the decree, and that an additional allowance of alimony should be made as shall appear to the court to be reasonable and proper under all the circumstances.

With respect to payments into the educational fund under the provisions of article 2 of the divorce decree, we agree with plaintiff's contention that article 2 should be modified in order that deductions from defendant's gross income derived from salary and bonus should be only the amount of income tax he is lawfully required to pay thereon. Any other construction would defeat the purpose of this provision in the divorce decree. In accordance with the prayer of plaintiff's petition, plaintiff is entitled to reasonable attorney's fees necessarily incurred by the plaintiff in this proceeding.

For the reasons given, the order denying and dismissing the plaintiff's petition is reversed and the cause remanded with directions to proceed in a manner not inconsistent with this opinion.

*Reversed and remanded with directions.*

KILEY, P. J., and BURKE, J., concur.