(No. 30423.—

ILAH D. SWANNELL, Appellee, *vs.* MARY P. WILSON, Appellant.

*Opinion filed March 18, 1948—Rehearing denied May 13, 1948.*

EVA L. MINOR, of Kankakee, for appellant.

GOWER, GRAY & GOWER, and W. H. DYER, both of Kankakee, for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This is a bill to set aside a deed from Dr. E. G. Wilson to Mary P. Wilson, defendant-appellant, brought by Ilah D. Swannell, plaintiff-appellee. From a decree for the plaintiff by the circuit court of Kankakee County, defendant appeals.

The facts in this case are not in dispute. Plaintiff and Ernest G. Wilson were husband and wife, and during the period they were married they purchased, on December 20, 1919, a parcel of real estate located in Kankakee County, as joint tenants and not as tenants in common. They used this property as a home. On April 28, 1934, Dr. Wilson and plaintiff entered into a property settlement agreement which was reduced to writing, by which they settled property rights, the custody, support and education of their children, and the support of the plaintiff until her death or remarriage. They were afterward divorced. In the property settlement provisions of this agreement it was provided that Dr. Wilson should maintain, pay taxes on, and keep properly insured all real estate then held by the parties in joint tenancy, including this and other tracts, and that in return he should have the exclusive use, right of occupancy and all rents, issues, and profits from all of the real estate held in joint tenancy. He was to pay to the plaintiff $200 a month for her support, in addition to a $2500 cash settlement. She agreed to execute a lease

on her undivided interest in the real estate held in joint tenancy for the rest of his life. After-acquired property of either was not to be affected by the agreement. It was agreed that notwithstanding leases on the property held jointly "both parties may by agreement sell or dispose of any or all of their property now held jointly by the said parties."

Dr. Wilson subsequently married the defendant herein, Mary P. Wilson, and on or about April 30, 1945, executed a warranty deed conveying his undivided half interest in the premises in question to the defendant-appellant. He died on September 25, 1946, and October 15, 1946, the property settlement agreement was filed for record in the recorder's office in Kankakee County. The deed from Dr. Wilson to Mary P. Wilson was also filed about that time. On hearing, the chancellor set aside the deed involved here, as a fraud on the rights of plaintiff, Dr. Wilson's former wife.

Three questions were before the chancellor. The first was, whether there was delivery of the deed between Dr. Wilson and defendant. The chancellor made no direct finding on that question. The second and primary question was whether Dr. Wilson had a right to make a deed to his then wife of his undivided half interest in the property described in the deed. A third question was put into the case by amendment to the complaint after the hearing, and that was whether the deed was fraudulent as to plaintiff's rights. The chancellor held that it was and set the deed aside on that ground, there being no evidence that plaintiff consented to the transfer.

The chancellor found that it was the intent of Dr. Wilson and plaintiff that the joint tenancy should not be destroyed during the life of either and that plaintiff's right to take full title upon survivorship was a valuable property right which was part of the consideration in the prop-

erty settlement. There is nothing in the settlement contract, unless it be by inference, limiting the right of either as joint tenant to dispose of his interest. The testimony showed that defendant was aware of the property settlement between Dr. Wilson and the plaintiff and that she gave no valuable consideration for the deed. The chancellor declared the deed from Dr. Wilson to the defendant to be void and ordered the defendant to execute a warranty deed to the plaintiff.

It is contended in this court that the provisions in the property settlement between the plaintiff and Dr. Wilson, concerning the sale of the respective interests by agreement only, constituted a restraint upon the alienation of property, and as such the provisions were contrary to public policy, and therefore not binding upon the parties. It is true that an attempt on the part of the grantor to sell property to a grantee and to impose a restriction in the instrument of conveyance or in a collateral instrument in which the grantee promises not to sell his interest during the lifetime of the grantor or without the consent of the grantor, or other party, is void as contrary to public policy. (*McFadden* v. *McFadden,* 302 Ill. 504; *Muhlke* v. *Tiedemann,* 177 Ill. 606; Carey and Schuyler, Ill. Law Future Interests, sec. 424.) The contract in question is not one restricting alienation in the sense of the general principles stated in these authorities but is to protect their respective interests in the property, anticipating that in the near future and for the balance of their lives their relationships would be strained. In the contract the parties attempted to settle all of their property interests and to plan for any contingency wherein their interests might conflict. Each gave certain rights to the other and in turn each gave up certain incidents of ownership. The plaintiff on her part gave up the rights to an accounting of the rents, profits and proceeds of this and other tracts of real estate, and she also gave up the use and occupancy. Each of these

were as much incidents of ownership as was the right of survivorship. Dr. Wilson, on his part, gave up the right to transfer his interest in the joint tenancy without her consent, thereby protecting her right of survivorship. Further, this property settlement contract was the foundation for a divorce decree and to that extent was given the sanction of the court. This, plus the mutual consideration granted, were sufficient to bind the parties to their agreement. Equity will sustain such a property settlement contract and will enforce the obvious intent of the parties thereto, where such a construction is not against any rule of law, public policy or morals. (*Tindall* v. *Yeats,* 392 Ill. 502; *Hardin* v. *Wolf,* 318 Ill. 48.) It is concluded therefore that the aforementioned provisions in the property settlement contract did not constitute such a restraint of alienation as would be contrary to public policy.

The property settlement agreement was apparently not incorporated in the divorce action and was not a matter of record in the county until after the death of Dr. Wilson. With this in mind it is apparent that an innocent third party purchaser for value might have taken clear title in a deed from Dr. Wilson. However, in the case at bar the attempted transfer to the defendant was a transfer without any valuable consideration to a person who had full personal knowledge of the agreement between Dr. Wilson and the plaintiff. It is therefore concluded that the transfer was void as being within the Statute of Frauds as determined by the trial court. Ill. Rev. Stat. 1947, chap. 59, par. 4.

Having reached the above conclusion, it is not necessary to touch upon the question of delivery raised in the pleadings and preserved for appeal to this court. The decree of the trial court is affirmed.

*Decree affirmed.*