Dolores K. Mirsky, Plaintiff-Appellee, v. Marvin Mirsky, Defendant-Appellant.

Gen. No. 50,757.

First District, First Division.

February 18, 1966.

Morris L. Simons, of Chicago (Marshall Patner, of counsel), for appellant.

Bjork & Kuehn, of Chicago (Robert D. Bjork, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Marvin Mirsky, the defendant, filed a petition for a post-divorce order restraining Dolores Mirsky, the plaintiff, from interfering with the enrollment of their son in a school chosen by him. The petition alleged that the father had chosen the Sands Point School in accordance with the provisions of an agreement between the parties which had been incorporated in the divorce decree, and that it was in the best interests of the child that he attend that school. The mother filed a motion to strike the petition, alleging that the terms of the decree require the agreement of the mother to the enrollment of their son in the school chosen by the father. She also alleged that the father had raised the same issue in a prior proceeding, and that it was therefore res judicata; and that even if it were not, the father is estopped from rais-

ing the issue now because he could have done so in connection with that prior proceeding. The trial court, after hearing argument of counsel, sustained the motion to strike on August 13, 1965, and the father has brought this appeal.

We first consider the mother's contentions that the prior proceeding brought by the father renders this issue res judicata, or in any event estops him from raising it at this time. Previously the father filed a petition on May 17, 1965, alleging primarily that the mother had interfered with the father's visitation rights during vacation periods, and that the mother had embarked upon a course of conduct calculated to alienate the father from the child. The petition also alleged that, "The father is in the process of selecting a school for SETH and has tentatively chosen the Sands Point School. The mother refused to visit the school." The prayer for relief in the petition, however, contained no request for a finding by the court with respect to the education of the child. In her answer to that petition, the mother amongst other things raised several practical problems connected with the child's attendance at the school chosen by his father. After hearing the argument of counsel, the court entered two orders on June 30, 1965, which inter alia modified the provision of the decree relating to visiting privileges during vacation periods. There was no mention in either order of the matter of the choice of school for the child.

■ The mother contends that the doctrine of res judicata embraces not only what was actually adjudicated, but also those matters which could have been adjudicated. Adams v. Pearson, 411 Ill 431, 439, 104 NE2d 267. It appears from the record that at the time of the filing of the prior petition the father had only tentatively selected the Sands Point School; that the mother had done no more than refuse to visit the school; and that it was not until July 14, 1965, that the mother actually refused to send the child to that school. Thus the father did not

raise and could not have raised in the prior proceeding the issue of the mother's refusal to send the child to the Sands Point School. The issue is not res judicata, and the father was not estopped from raising it in his petition filed on August 2, 1965.

Turning to the merits, we find that the parties, with the advice of their respective counsel, entered into an agreement in anticipation of divorce on December 14, 1964. Section 4 of the agreement is essential to this appeal, and reads in relevant part as follows:

> 4. The court has carefully weighed the custody of the child Victor Seth Mirsky, and upon its own order caused physical and psychological examination and tests of the child and has received written reports thereof. The child shall reside with his mother and she is hereby given leave to remove the child into the jurisdiction of the State of New York. In all matters involving the care and day-to-day mode of the life of the child, and religious guidance and religious education, the mother shall have the primary responsibility and control. In matters concerning both the formal and informal education of the child, the father shall have the primary responsibility provided that the father's directions in this respect shall not be unreasonable, taking into consideration all circumstances then existing. The parties further agree that they will both discuss with each other whenever possible all matters concerning the child's future; and more particularly, the husband shall counsel with the wife and seek her advice on matters concerning the child's formal and informal education. In the exercise of his responsibility and direction, the father shall be required to consider the best interests of the child in all respects; and in particular, the program directed shall not be harmful to the physical, psychological and emotional well-being of the

385

child. Except as otherwise later agreed upon between the parties, any private school education, through the completion of High School shall be on the basis of the said child living at home with his mother. The father shall pay all costs in connection with any private or extra education opportunity. These payments shall be in addition to the aforesaid child support payments.

The parties recognize that it is desirable and in the child's best interests that they discuss and seek to agree in all matters which affect the child. Similarly, they acknowledge that each of them is entitled to full and free access to all information concerning the child. The parties further state that it is not their intention to divest the court of any of its supervisory powers in connection with the child; and their right to petition the court, whenever either party believes that the physical, psychological, emotional or general well-being of the child requires it, shall not be diminished.

In its decree entered seven days after the agreement was signed, the court specifically found that the agreement was fair and reasonable, and incorporated it into the decree and ordered that each and every provision thereof was binding upon the parties. The decree also recited that the court had interviewed the child, had carefully considered and discussed with the parties the welfare of the child, and deemed the agreement to be in the best interests of the child.

Under the language of the agreement, the father was given the primary responsibility of the child's formal and informal education. He is required to counsel with the mother and seek her advice as to the education of the child; but her consent to his decisions relating thereto is required only if the child is to live away from home while attending school. These provisions of the voluntary

agreement are binding on the parties, as are the other provisions including the grant of permission for the child to live with his mother in New York.

■ ■ The record indicates that attendance by the child at the Sands Point School would not require that he live away from home. The only challenge which the mother could raise under the terms of the agreement to the choice of this school is that it is unreasonable under the circumstances, is contrary to the best interests of the child, or is harmful to the physical, psychological, emotional, or general well-being of the child. The burden of so showing is on the mother. The trial court granted her motion to strike the petition, however, after considering only the pleadings and the argument of counsel. We think evidence should have been taken, and weighed by the trial court in light of the standards set by the divorce decree before the entry of an order favoring either party.

The plaintiff raises the objection that repeated litigation of matters relating to the divorce and to her son constitutes a great inconvenience to her, in that she must travel to Chicago on each occasion. We recognize this fact, but must also note that the defendant also meets with considerable inconvenience in visiting his son by reason of the fact that he now lives in New York with his mother; and that this arrangement imposes a considerable expense upon him, too.

The order of the Circuit Court sustaining the motion to strike the petition of defendant is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

KLUCZYNSKI, P. J. and MURPHY, J., concur.