**Frances Elble, Now Frances Heuer, Plaintiff-Appellee, v. James Elble, Defendant-Appellant.**

Gen. No. 67–109.

Fifth District.

October 12, 1968.

Emerson Baetz, of Alton, for appellant.

Irving M. Wiseman, Wiseman, Hallet, Mosele, Shaikewitz & Struif, of Alton, for appellee.

GOLDENHERSH, J.

Defendant, James Elble, appeals, and plaintiff, Frances Heuer, formerly Frances Elble, cross-appeals from the order of the Circuit Court of Madison County entered upon plaintiff's petition to modify the decree of divorce previously rendered and entered in this cause.

The record shows that on March 18, 1955, the circuit court granted defendant a divorce on his counterclaim and awarded him custody of Gail Lynn, the 5-year-old daughter of the parties, hereafter called Gail.

In December 1966, plaintiff filed a petition to modify the decree and alleged therein that "during the past few

years" Gail has resided with plaintiff, and plaintiff has provided for her "special needs and attention, education and religious training and guidance." Plaintiff also alleged that she is a fit person to have custody, Gail desires to live with her, defendant has paid very little child support during the time Gail lived with her mother, and defendant is unfit to have custody of Gail "by reason of his ignoring" her welfare. The petition prays that plaintiff be awarded custody, that defendant be ordered to pay reasonable support money and provide for her college education.

Defendant answered the petition, denying the material allegations and stating further that plaintiff had "defied orders of this court respecting custody of the child," that it has become impractical, if not impossible, physically to coerce Gail to remain with him, that to "maintain peace" he has allowed her a wider latitude in association with plaintiff but because of "plaintiff's habits, manner of life and associations" it would be hazardous to Gail's welfare to vest absolute control of her in the plaintiff and "to deprive him of legal custody and the consequent right to exercise some degree of restraint in connection with her upbringing."

The trial court heard testimony and filed a comprehensive memorandum and order.

In the memorandum the court stated that although Gail had chosen to leave her father and live with her mother, the evidence failed to show a change of circumstances which would warrant a modification of the provision of the decree awarding her custody to the defendant. It denied plaintiff's petition for a change of Gail's custody but stated that it could not, and would not, "force a 17-year-old girl to live with her father if she does not desire." The defendant was ordered to pay plaintiff $100 per month for Gail's support during her minority, and an attorney's fee in the amount of $150. In the order the court stated that although it was in its discretion so to do,

it would not, under the circumstances shown by the evidence, order defendant to provide for Gail's college education.

Plaintiff appeals from those portions of the order which continue custody in defendant, deny the prayer for provision of a college education, and from the support money order, arguing that in view of defendant's wealth and income the sum ordered is inadequate.

Defendant appeals from the portions of the order which provide for payment of support money and an attorney's fee, and from the court's holding that it was vested with discretion to require a divorced parent to provide for the college education of his child beyond attainment of the child's majority.

Defendant's principal argument for reversal is that in view of the trial court's denial of the prayer for a change in the custody order he should not be required to pay support money, and in ordering him to do so, the court, in effect, confirmed the unlawful custody and control being exercised by plaintiff.

In reviewing an award of custody of a minor child we are governed by the rule stated in Miezio v. Miezio, 6 Ill2d 469, at page 472, 129 NE2d 20: "In awarding custody of minor children to one parent or the other, the paramount consideration must necessarily be the welfare and best interest of the children. (Nye v. Nye, 411 Ill 408; Buehler v. Buehler, 373 Ill 626.) Although the discretion of the trial court in matters relating to the custody and support of minor children is a judicial one and subject to review. (Nye v. Nye, 411 Ill 408,) the determination should not be disturbed upon appeal unless manifest injustice has been done."

From our review of the record we find no change of circumstances since the entry of the decree which would require a reversal of the court's denial of a change in Gail's custody. The fact that Gail now prefers to live with her mother is not sufficient to warrant a

transfer of custody. Stickler v. Stickler, 57 Ill App2d 286, 206 NE2d 720; Strouse v. Strouse, 75 Ill App2d 362, 220 NE2d 485.

The Appellate Court has previously considered the question of whether a court may include in a divorce decree, an order directing a parent to pay the expenses of a child's college education. (See Strom v. Strom, 13 Ill App2d 354, 142 NE2d 172; Maitzen v. Maitzen, 24 Ill App2d 32, 163 NE2d 840; O'Berry v. O'Berry, 36 Ill App2d 163, 183 NE2d 539; Crane v. Crane, 45 Ill App2d 316, 196 NE 27; 1962 Law Forum 612.)

 Since the amendment to section 19 of the Divorce Act (c 40, § 19, Ill Rev Stats) effective August 31, 1967, there appears to be no question that such order may be entered with respect to both minor children and children who have attained majority.

 The rule stated in Miezio applies to the review of both the trial court's refusal to order defendant to provide for Gail's college education, and the order fixing the amount of support money. From our examination of the testimony with respect to the wealth and earnings of the defendant, we cannot say that manifest injustice has been done.

Defendant's contention that the trial court erred in ordering him to pay support money while Gail continues to reside with her mother presents a difficult question. In the first reported decision involving custody of a child, (see First Kings 3:16), Solomon, vested with plenary powers and unhampered by precedent, rendered a judgment which has been cited through the ages as incontrovertible evidence of his great wisdom. Today, a trial judge is almost daily presented with custody problems which are far more complex. (See Dokos v. Dokos, 88 Ill App2d 330, 232 NE2d 508; Jenkins v. Jenkins, 81 Ill App2d 67, 225 NE2d 698.)

In Jenkins v. Jenkins, 81 Ill App2d 67, at page 71, 225 NE2d 698, the Court said: "It must be emphasized that

custody cases present among the most vexing and difficult situations facing a trial judge in the discharge of his duties. Generally, no decision a court makes in such cases can be considered either "right" or "wrong." The responsibility of a judge is, instead, to exercise his own best judgment in attempting to find the most satisfactory solution under all the circumstances in each case."

We have considered defendant's contention based on Iroquois Iron Co. v. Industrial Commission, 294 Ill 106, 128 NE 289, and are of the opinion that the holding in that case is not pertinent to the facts here presented.

■ We are sympathetic to defendant's argument that he has the burden of support without the concomitant benefits of having Gail reside with him in his home, but this does not affect his duty to support her. As stated in Kelley v. Kelley, 317 Ill 104, at page 110, 147 NE 659: "The obligation of the father to support his children begins when the child is born and continues during the minority of the child. This obligation of the father to support his minor child is not affected by the decree granting a divorce, nor by a decree granting the care and custody of his child to his wife or some other suitable person. (Plaster v. Plaster, supra, 47 Ill 290.) His children are of his blood.

"It is not their fault that their parents have been divorced. It is their right to be given care by those who brought them into the world until they are old enough to take care of themselves."

Section 19 of the Divorce Act provides that the court may make such order for the care, custody and support of the children as from the circumstances of the parties and nature of the case shall be fit, reasonable and just. The language of the statute is broad enough to permit the entry of the order of the trial court.

■ From our review of the record and the authorities we are of the opinion that the trial court found the most

satisfactory solution available under the circumstances of this case.

 Defendant has not briefed or argued the question of the order for payment of an attorney's fee, and therefore, it will not be further considered.

For the reasons set forth the order of the Circuit Court of Madison County is affirmed.

Order affirmed.

MORAN and EBERSPACHER, JJ., concur.