CAROL V. HIGHT, Plaintiff-Appellee, v. ARTHUR C. HIGHT, Defendant-Appellant.

(No. 71-196;

Third District—June 23, 1972.

Walter Winget II, of Peoria, for appellant.

Thomas Trager, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellee, Carol Hight, sought to modify a decree of divorce granted in 1965 by the Circuit Court of Peoria County. Plaintiff's petition sought to secure support for the minor daughter of the parties from Defendant-Appellant, Arthur Hight, the period of such support extending beyond the daughter's 18th birthday and to be used for educational purposes. The trial court modified the decree by requiring defendant to pay $80.00 per month for the daughter's educational purposes and medical expenses until June, 1973 and it is from this decree that defendant-appellant has appealed.

The parties separated in 1963 and a divorce was granted to plaintiff in 1965. At the time of the divorce the custody of the minor children of the marriage was awarded to plaintiff and defendant was directed to pay $45.00 per month for the support of each child. Later the decree was modified by terminating defendant's liability with respect to the older child who reached her majority and support for the younger child was increased to $72.50 per month "* * * said payments to continue until she attains the age of 18 years or shall cease attending school prior to the age of 18 years." The daughter Maribeth Hight, graduated from high school in June, 1971 and became 18 in December, 1971. This petition filed in April, 1971, indicated that Maribeth had been accepted into the registered nursing program at Illinois Central College. The petition sought to continue the support at or near the existing level and in addi-

tion sought an additional contribution for tuition and related expenses. The court granted only a portion of plaintiff's request namely by requiring defendant to pay $80.00 per month and medical expenses for Maribeth's support for educational purposes.

After the parties were divorced defendant remarried and has two children by his second marriage. Defendant is a high school teacher, with annual salary of approximately $13,500. Plaintiff is a registered nurse and anesthesiologist with approximately the same income. Defendant made the payments of support as required by the decree.

The evidence consisted solely of the testimony of the plaintiff and defendant itemizing their financial condition. A substantial portion of defendant's testimony was devoted to his account of the poor relationship which existed between himself and his daughter. According to defendant the daughter refused or neglected to have much to do with him after the parties separated. The general tenor of defendant's testimony appeared to be that Maribeth was not interested in maintaining any relationship with defendant rather than one of antagonism.

In seeking to reverse the order of the trial court defendant argues the court erred in requiring him to pay for the educational expenses of his daughter now that she has reached her majority.

In part Illinois Revised Statutes, 1969, Chap. 40, Sec. 19 provides, "The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper. However, after the children have attained majority age, the court has jurisdiction to order payments for their support for educational purposes only." The portion of the statute creating statutory jurisdiction to award "support for educational purposes" was adopted by the legislature in 1967. Prior to the 1967 amendment a divided court in *Crane v. Crane* (1964), 45 Ill.App.2d 316, 196 N.E.2d 27, held the trial court lacked jurisdiction to require an objecting parent to pay for college expenses for his daughter when she had reached her majority. The amendment now makes it clear that whether a parent should or should not provide for education of children does not and ought not to depend upon whether the children have reached their majority. There can be little doubt but that the statutory amendment recognizes a broader necessity for additional education of children and a broader responsibility for parents to provide the education in accord with the needs, ability and financial resources of parents and children.

On this appeal defendant argues that his daughter has refused to have anything to do with him for many years, that the estrangement is the daughter's fault and since she has now reached her majority he ought

not to be required to contribute further to her support for any purpose. Being required to contribute to his daughter's educational expenses is characterized by defendant as a "penalty" which defendant insists he should not be required to sustain for the benefit of an ungrateful daughter. As a subsidiary contention defendant argues that he was not consulted either by his daughter or the plaintiff regarding the educational plans for his daughter and consequently his contribution therefore ought not to be required.

Defendant has cited no Illinois cases and our research has likewise produced no authorities which have directly applied or discussed the fault of children concept as bearing on the obligation of parents. However to say as a matter of law that the estrangement between child and parent where there has been matrimonial discord between parents resulting in divorce can be solely the fault of a child is to state a principle difficult to sustain either on reason or logic. In the case at bar defendant's insistence that the non-existence of a satisfactory relationship between himself and his daughter is solely the fault of his daughter finds no support in the evidence. At the time the plaintiff and defendant separated the daughter was nine years old. The relationship between plaintiff and defendant after their separation and after their divorce was acrimonious. Without deciding which of the parents was responsible for the acrimony it requires no great insight to conclude that the daughter's attitudes and relations with her parents were shaped by many influences beyond her control and were more likely the result of conduct of both parents. According to defendant's own testimony he made no effort to see his daughter after 1969 although he attempts to justify his conduct by saying that he did not want to see his daughter unless she wanted to see him. Such purported justification revealed the essential mutuality of the relation and emphasizes not only that fault may not be assessed against the daughter but emphasizes the responsibility of the parent as the mature and dominent person in the relation.

In *Elble v. Elble*, 100 Ill.App.2d 221, 241 N.E.2d 328, the court approved an order of the trial court ordering defendant father to provide for the support of his daughter during her minority even though the daughter improperly refused to live with him as required by the prior decree. In the *Elble* case the court referred to the 1967 amendment of Sec. 19 authorizing support for educational purposes but agreed with the trial court that defendant father's financial resources were such that payment of college expenses was not appropriate. The court's opinion in *Elble* is of only indirect pertinence to the case at bar in view of the holding that defendant lacked adequate financial resources but in this connection it should be observed that it did not absolve the defendant

father from responsibility merely on account of the claimed misconduct of the daughter. To the extent that *Elble* has any relevance to the case at bar it appears to us that the responsibility of a parent to contribute to the educational expenses of a child who has reached her majority ought to be governed by considerations other than merely the existence of a satisfactory relationship between parent and child. It is true the factors which a court must consider in the exercise of its discretion regarding support for educational purposes of children who have reached their majority may be different from those factors which might be relevant if a child is a minor. Nevertheless such factors are more a matter of degree reflecting the different needs and abilities of an older child considered in light of the financial resources and educational aspirations of the parents.

■■ Accordingly it is our conclusion the trial court did not abuse its discretion in requiring defendant to contribute to the educational expenses of his daughter even though the relationship between them was less than satisfactory to him. Furthermore we find no merit to defendant's claim that he should be excused from contributing to his daughter's educational expenses because he was not consulted in advance about them. *Van Nortwick v. Van Nortwick*, 87 Ill.App.2d 55, 230 N.E.2d 391, cited by defendant in support of his contention is inapplicable. To the same effect is *Mirskey v. Mirskey*, 69 Ill.App.2d 382, 217 N.E.2d 467. In each the parties had entered into voluntary agreements incorporated into the decree of divorce setting forth the obligations and responsibilities of each party regarding the education of their children and in each case the court was called upon to construe, interpret and apply the terms of the agreement. In the case at bar defendant's contact with his daughter prior to 1969 had been minimal and non-existent thereafter. Under such circumstances prior consultation would have been of little value in view of defendant's objection to further assistance for his daughter.

■■ Defendant has alluded in his brief to objections regarding the amount which the trial court ordered him to pay for educational purposes. We believe it unnecessary to consider the factors relating to the award in any detail since it is sufficient to say that the amount of the award is well within the range of the testimony concerning needs and financial resources of the parties.

For the foregoing reasons the decree of the Circuit Court of Peoria County is affirmed.

Decree affirmed.

SCOTT and DIXON, JJ., concur.