DOLLIE DUVALL, Plaintiff-Appellant, *v.* EARL WAYNE DUVALL, Defendant-Appellee.

(No. 72-7;

Third District—October 30, 1972.

L. E. Ellison, of Sterling, for appellant.

William N. Stone, of Sterling, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a post-divorce decree order of the circuit court of Whiteside County which denied the petition of the plaintiff, Dollie Duvall, which sought to compel the defendant, Earl Wayne Duvall, to provide funds for the college education of two minor children of the parties and for other relief.

During oral argument of this matter before our court the plaintiff limited the relief sought to the request that funds be provided for only one child, Patricia, since the oldest daughter has announced her intentions to be married. Other relief sought by the plaintiff was also waived by the plaintiff at the time of oral argument of this appeal.

The parties to this cause were divorced in 1962 and the original decree awarded custody of the two minor children to the plaintiff and defendant was ordered to pay $20.00 per week child support which was to be automatically increased to $25.00 per week at a later date in that year. In March, 1967, after hearing the child support allowance was increased to $40.00 per week. On December 18, 1967, a petition seeking reduction in child support payments was filed by the defendant. On December 20, 1967, without a hearing the plaintiff and defendant voluntarily agreed that the support payments should be $35.00 per week and this agreement was embodied in a docket entry made on that date. The defendant has regularly made such payments since that time. The record discloses that in 1962 the defendant earned a gross salary of $6,271.00, in 1967 a gross salary of $7,800, in 1970 his gross earnings were $13,000.00 and a projection of his gross earnings for 1971 would be approximately $11,000.00.

At the hearing before the trial court on the petition for funds to be used for a college education the court took the position that it lacked jurisdiction since the parties had consented to the entry of the December 20, 1967, order fixing child support in the sum of $35.00 per week and no mention at that time was made regarding college education.

The first issue presented by this appeal is whether the trial court was in error in ruling that it lacked jurisdiction because the amount of child support had been previously fixed by the court as the result of a consent order or agreement entered into by the parties.

In determining this issue we first direct our attention to the pertinent statute which provides as follows:

"The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and mainte-

nance, and the care, education, custody and support of the children, as shall appear reasonable and proper. However, after the children have attained majority age, the court has jurisdiction to order payments for their support for educational purposes only." Chap. 40, Sec. 19, Ill. Rev. Stat.

■■ This statute clearly provides that the court has the power to modify a decree or order as to child support and educational payments and it should be noted that it contains no exceptions in regard to prior agreements or "consent decrees" and that there are no exceptions is reflected by the decisions of our reviewing courts which have consistently held that the trial court is not deprived of the power to modify a consent decree. Grounds for divorce, payment of alimony and modifications of divorce decrees are regulated by statute. When dealing with such matters a court is exercising powers granted by the legislature and cannot by incorporating a contractual provision in its decree divest itself of the power to modify, contrary to the legislative will. See *Jacobs v. Jacobs*, 328 Ill.App. 133, 65 N.E.2d 588; *Adler v. Adler*, 373 Ill. 361, 26 N.E.2d 504; *Maginnis v. Maginnis*, 323 Ill. 113, 153 N.E. 654.

■■ In the light of the well defined holdings on this question we can only conclude that the trial court in the instant case was in error in its ruling that it lacked jurisdiction to entertain the petition of the plaintiff because the parties had previously agreed to a consent order as to child support.

■■ That the trial court possesses the power to modify a decree of divorce in order to provide funds for educational purposes was clearly established in the case of *Strom v. Strom*, 13 Ill.App.2d 354, 142 N.E.2d 172. In the instant case the record discloses that the cost of a college education for the child Patricia would be in the minimum amount of $2,000 per year. A payment by the defendant of $38.50 per week would produce the sum of $2,002.00 per year. The defendant since the year 1967 has made payments of $35.00 per week for child support and there is no evidence that such payments created any hardship on the defendant, but on the contrary the record discloses that the defendant's earnings have substantially increased since the year 1967. In *Needler v. Needler*, 131 Ill.App.2d 11, 268 N.E.2d 517, the court stated: "The measure of the sum to be paid is the need of the children and the ability of the husband to pay." Following this rule it is apparent that for educational purposes the minimum sum needed is $2,000.00 and it is further apparent that to compel the defendant to pay this sum would not impose upon him an undue hardship.

■■ Having previously determined that the trial court was in error and that this cause should be reversed we are of the opinion that the record

will support our action in directing a reversal and remanding with directions to the trial court to enter an order requiring the defendant to pay in toto the sum of $38.50 per week for a period of four years for the support and college education of the child Patricia unless said child fails to pursue her college career, at which time the payments would terminate. The order should further require that the payments commence instanter.

Reversed and remanded.

STOUDER, P. J., and DIXON, J., concur.