JANICE C. GADDIS, Plaintiff-Appellant, *v.* ELLIS M. GADDIS, Defendant-Appellee.

(No. 73-146;

Fifth District—June 26, 1974.

*Rehearing denied August 7, 1974.*

Nick D. Vasileff, of Madison, for appellant.

Hoagland, Maucker, Bernard & Almeter, of Alton (Donald L. Smith, of counsel), for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff filed a petition to enforce certain provisions of a divorce decree which provided that the defendant was under an obligation to finance their daughter's college education. The defendant filed a counter-petition seeking to have the decree modified, and the Circuit Court of Madison County, in interpreting the provisions of the decree, ordered that the defendant should continue payments for school support in the amount of $75 per month for 4 years or until the child attains 22 years of age, whichever occurs first, provided the college is accredited and the child attends on a full-time basis with passing grades. Plaintiff appeals.

The evidence shows that prior to obtaining a divorce, the parties had entered into a property settlement agreement. In April of 1969 a divorce decree incorporating the property settlement agreement was granted, which gave the permanent care, custody, and education of the parties' three minor children to the plaintiff. The decree and property settlement agreement also provided in part as follows:

> "(7) That the Defendant, so long as he is alive, shall pay, commencing with the month of May, 1969, as child support for said minor children as follows:
>
> Theodore E. Gaddis................$100 per month;
> Beverly M. Gaddis.................. 75 per month;
> Elizabeth E. Gaddis................ 75 per month;
>
> said child support as to each such minor child, as set forth above, shall be paid by Defendant until such time as said minor child attains majority or until said minor child's earlier death; that in respect of such of the three children of the parties as may elect to attend, and do attend, college or a university, Defendant shall pay without contribution by Plaintiff, in addition to any child support, the cost of tuition, books, incidental fees and board and room for the scholastic year. Should attendance at any college or university extend beyond the majority of any child, Defendant shall notwithstanding such majority, continue payment of support money as herein provided until the termination of such college or university education."

This case concerns the financing of the college education of Beverly M. Gaddis. After graduation from high school, she selected and did attend Drury College in Springfield, Missouri, in the year 1970 with the expenses being paid in part by the defendant and in part through a work grant. The following year Beverly registered at Lewis & Clark Community College in Godfrey, Illinois, and attended for one semester while living at home with her mother. Her father paid tuition, books, and incidental fees. While she was attending Lewis & Clark College, the defendant informed Beverly and his son, Ted, that he would no longer pay

for their college expenses. Beverly then informed her father that she would drop out of school for the next quarter and go to Oklahoma to work, but that she would return to school in the fall of 1972. She thereafter enrolled in the University of Missouri at Columbia as a transfer student without discussing it with her father. The evidence shows that Beverly was an "average" student, that she decided to major in psychology at the University of Missouri and was fully aware of the degree requirements. The cost of tuition, room and board, books, and incidental fees for the 1972-73 school year at the University of Missouri was approximately $2920 and the defendant refused to pay these costs.

In finding the provision of the divorce decree and property settlement agreement relating to child support and college financing "vague and uncertain," the trial judge stated that the testimony indicated a diminution of the defendant's assets and earnings, and that Beverly Gaddis had attended Drury College and Lewis and Clark Community College at the defendant's expense and did not take a full load of courses, but did take subjects the defendant thought were not geared to a superior education. He concluded that "the intention of the parties and the court in its decree was not to permit the children to attend any school, at any cost, at any time * * *." The trial court interpreted the decree to be that the defendant was to pay college support for Beverly in the amount of $75 per month, 12 months a year for 4 years until she attains 22 years of age or finishes college on a full-time basis and has passing grades.

This interpretation of the parties' intent in entering into the property settlement agreement which was thereafter incorporated into the divorce decree effectively relieved the defendant of any obligation to pay in addition to the $75 per month child support "the cost of tuition, books, incidental fees and board and room for the scholastic year." Thus, while the form of the trial court's order manifested a judicial interpretation, the substance of the order constituted a radical modification of the decree that was contrary to the express language of the decree clearly indicating what the parties had intended. This we believe was error.

The intent of the parties as expressed in the property settlement agreement and incorporated into the divorce decree is clear. Paragraph 7 of the agreement is composed of essentially three parts. First, the defendant promised to pay as child support for Beverly M. Gaddis $75 per month until such time as she attained majority or until her death. Secondly, he promised that if any of the parties' three children elected to attend college, he would pay without contribution by the plaintiff and in addition to any child support, the cost of tuition, books, incidental fees and board and room for the scholastic year. And lastly, the defendant promised that such attendance of any child at any college extend beyond the

majority of any child, he would notwithstanding such majority, continue payment of support money until the termination of such college education. The agreement did not restrict the children in choosing a college to attend, nor did it require that they complete their education in any specified length of time.

The defendant argues that a divorced parent who pays for the educational expenses of a child has a right to select reasonable educational facilities. However, there is no requirement that he be consulted in this property settlement agreement, and under the circumstances of this case, prior consultation would have been of little value in view of the defendant's refusal to offer further assistance for his daughter's college education, until this was brought. (*Hight v. Hight,* 5 Ill.App.3d 991, 284 N.E.2d 679.) Therefore, defendant's refusal to finance Beverly's college education at the University of Missouri at Columbia is patently a refusal to comply with a reasonable interpretation of paragraph 7 of the divorce decree. Under the terms of the decree, if the defendant felt Beverly's choice of courses or decision to attend the University of Missouri was unreasonable, the burden of so showing is on him. (*Mirsky v. Mirsky,* 69 Ill.App.2d 382, 217 N.E.2d 467.) Under the facts of the case and the terms of the decree, he has failed to meet this burden.

■■ This brings us to an analysis of the crucial issue in this case, that being the extent of the defendant's obligation under the property settlement agreement to provide for his daughter's college education. At the outset, we wish to address ourselves to property settlement agreements in general. The Illinois courts look with favor upon such agreements. (*Guyton v. Guyton,* 17 Ill.2d 439, 161 N.E.2d 832.) Since divorces are unhappy at best, some of the trauma of divorce proceedings can be eliminated if the parties can come to a reasonable meeting of the minds with respect to the essential matters of property division, alimony, and custody, support, and education of the children. They usually take the form of written contracts with the consideration being the mutual promises of each. It is generally held that if and when such property settlement agreements are embodied in the divorce decree itself, its terms will not thereafter be modified under any circumstances, and a trial court is without authority to modify it or enter a decree contrary to it. (*Guyton v. Guyton, supra; James v. James,* 14 Ill.2d 295, 152 N.E.2d 582; *Herhold v. Herhold,* 123 Ill.App.2d 293, 260 N.E.2d 86; *Jamal v. Jamal,* 98 Ill.App.2d 180, 240 N.E.2d 246.) However, if the property settlement contract is procured by fraud or coercion, or is contrary to any rule of law, public policy or morals, it may be set aside. *James v. James, supra; Swannell v. Wilson,* 400 Ill. 138, 79 N.E.2d 26.

■■ Ordinarily, the obligation of a father to support his children be-

gins when a child is born and continues until the child attains majority. (*Elble v. Elble*, 100 Ill.App.2d 221, 241 N.E.2d 328.) However, in this case of a divorce, support may be obtained for the education and maintenance of the children out of the property of either or both of their parents as equity may require. (Ill. Rev. Stat. 1971, ch. 40, par. 13.) After the children reach their majority the court still has jurisdiction to order payments of support for educational purposes. (Ill. Rev. Stat. 1971, ch. 40, par. 19.) In general, the amount of child support to be allowed in a particular case and the amount to be paid for educational purposes depends upon the need of the children and the ability of the father to pay. (*Duvall v. Duvall*, 8 Ill.App.3d 53, 289 N.E.2d 59.) Therefore, where it is shown that a need exists and the father has the ability to pay, the court may order payments for child support and for educational purposes. This order is subject to modification where a change in the needs of the child or a material change in circumstances of the father is shown. *Metcoff v. Metcoff*, 4 Ill.App.3d 160, 280 N.E.2d 572.

However, in this case defendant's agreement to pay child support must be distinguished from his agreement to pay the cost of college "tuition, books, incidental fees and board and room for the scholastic year." The divorce decree here was a consent decree based upon the property settlement agreement of the parties. In that property settlement agreement the parties agreed to finally adjust and settle all matters relating to the partition and division of their property, and the financial obligations arising out of their marital relationship. The plaintiff relinquished her right to assert any claim or demand on the properties of her husband in consideration of the defendant's promise to finance the college education of any of their three children who decided to attend. The only other consideration received by the plaintiff except for the personal property and effects held by her, was the family residence and its furnishings, one of the family cars and approximately $12,800 as well as the child support payments. Both parties were represented by their attorneys and acknowledged that the provisions of the agreement were fair, adequate and satisfactory; and each party accepted these provisions in full and final settlement of any and all claims against the other. Plaintiff was required to, and did, execute all instruments necessary to effect the agreement. The promise of the plaintiff to release all of her interest and claim in and to the property of the defendant affords sufficient consideration for the defendant's promise to provide for their children's education and support while attending college. These were absolute and complete surrenders which she could not reclaim. She made them in lieu of the provisions contained in the property settlement agreement for the benefit of her children. These surrenders of right on her part were

approved and merged into the divorce decree, and are now being enjoyed and will be permanently enjoyed by the defendant who makes no offer to restore them when he asks the court to modify and lessen his contractual obligations of support and provision for his children's education. The defendant proposes to repudiate the obligation and at the same time retain the consideration through which the obligation arose. This we cannot allow. The plaintiff has fully performed her part of the bargain. She has, in fact, advanced Beverly college expenses at the University of Missouri out of her own pocket because the defendant has not lived up to his contract. The only thing remaining to be done is for the defendant to carry out his part of the bargain.

The Illinois courts have frequently held and the statutes provide that despite the fact that the divorce decree incorporates a property settlement agreement, the court still retains jurisdiction to modify that decree as to child support and educational payments. (*Duvall v. Duvall*, 8 Ill. App.3d 53, 289 N.E.2d 59; *Jacobs v. Jacobs*, 328 Ill.App. 133, 65 N.E.2d 588; Ill. Rev. Stat. 1971, ch. 40, par. 19.) Those cases have held that when dealing with such matters a court is exercising powers granted by the legislature and cannot, by incorporating a contractual provision in its decree, divest itself of the power to modify, contrary to the legislative will. (*Duvall, supra; Jacobs, supra.*) We believe that the intent of those decisions and the Illinois Legislature was to prevent a husband from entering into a property settlement agreement and thereby relieve himself from the obligation imposed upon him by law to support his wife and children after divorce. Furthermore, the Illinois courts have frequently exercised their power to modify the divorce decree by subsequently increasing the educational and support allowance for the children if changed circumstances require it. *Hight v. Hight, supra; Moses v. Moses*, 132 Ill.App.2d 443, 270 N.E.2d 513; *Smith v. Smith*, 132 Ill.App. 2d 722, 270 N.E.2d 206.

We believe that modification ought not to be permitted in this case for a number of reasons. First, the defendant was not attempting to relieve himself of his obligation of support when he entered into the property settlement agreement. On the contrary, the defendant was contracting to do more than the law required. It is well settled that while a parent may not by contract defeat his legal duties owed to his children, he may contract to do more than the law requires of him. (67 C.J.S. *Parent & Child* § 15(e)(1), p. 696.) Defendant's promise to pay the costs of college "tuition, books, incidental fees and board and room for the scholastic year," without contribution by the plaintiff and without a determination of his ability to pay having been made, constituted a contract to provide for his children more than the law required of him.

Secondly, the property settlement agreement here is founded upon sufficient consideration. The promise of the plaintiff to release all of her interest in and claim to the property of the defendant affords sufficient consideration for the defendant's promise to provide for the children's college education. And lastly, the defendant here seeks a reduction of his obligation with no reciprocal offer on his part to restore the property rights which the plaintiff released to him. We believe the court should not release one of the contracting parties from terms actually agreed upon but later found disadvantageous when that party has already enjoyed the benefits of the agreement.

■■ It is one of the sad but true facts of the times in which we live that children very often become the innocent victims of the divorce proceedings. In order to obtain a divorce, the parties will promise almost anything. After the divorce, and generally after re-marriage, efforts commence to scale down these promises. If the law were to tolerate such modifications, nothing could prevent a party from promising twice or three times his annual income as child support or for the children's education to soften resistance to obtaining a divorce with the sure and certain knowledge that the troublesome financial details could be worked out by hindsight. It is our opinion that policy considerations require enforcement of such a decree according to its terms. As we noted above, property settlement agreements are looked upon with favor by the Illinois courts. (*Garmisa v. Garmisa*, 4 Ill.App.3d 411, 280 N.E.2d 444.) The amicable settlement of property rights by the parties with the advice of counsel is to be encouraged, and when the parties voluntarily enter into a property settlement agreement whereby each gives consideration for the promises of the other, the resulting contract will be enforced. Such a finding is necessary to insure stability in the negotiations between parties contemplating divorce and to prevent a party who has complied with or performed his part of the bargain from being penalized because of the other party's failure to comply.

We conclude, therefore, that the defendant's agreement to provide for Beverly's college education was based upon adequate consideration and a promise to do more than the law required which is specifically enforceable. Plaintiff's petition to enforce the decree is hereby granted.

Judgment reversed.

CARTER and CREBS, JJ., concur.