RENAE LOIS ELIZER, Plaintiff-Appellee, *v.* MELVIN ARNOLD ELIZER, Defendant-Appellant.

Fifth District No. 75-377

Opinion filed March 11, 1976.

Robert P. Schulhof, of Carbondale, for appellant.

No brief filed for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Melvin Arnold Elizer appeals from an order entered in the circuit court of Jackson County denying his petition for reduction of child support payments contending that the decision of the lower court was against the manifest weight of the evidence.

As part of a decree of divorce entered in the circuit court of Jackson County on October 9, 1973, Melvin Elizer was ordered to pay to Renae Elizer $40 per week per child for the support of two minor children until they reached the age of 18½ years and to pay all medical and dental bills for those children. In addition he was to pay all reasonable expenses for their college education.

The record shows that at the time of the original decree Mr. Elizer was president and general manager of a lumber business earning an annual salary of approximately $20,000. He subsequently filed a petition for a modification of the decree reducing the amount of child support he was required to pay. At the first hearing on his petition, February 6, 1975, evidence was presented that the lumber business had begun to fail in 1974 and had lost that year over $100,000. In his efforts to save the company Mr. Elizer became personally liable on $54,000 in notes for the company. The business itself owes nearly half a million dollars. Mr. Elizer was unable to keep even himself on the payroll after December 13, 1974. Also, when he went off the company payroll he was no longer eligible for group medical insurance which he had been using to pay the children's medical expenses. Mr. Elizer started drawing unemployment compensation from the State of Illinois in January 1975, receiving $106 a week. Mr. Elizer also received approximately $1,000 per year for his services as conservator of an aunt. The court found that Mr. Elizer had suffered "substantial economic reverses" and suspended all child support until May 8, 1975, when a second hearing was held.

At this hearing the evidence adduced indicated that Mr. Elizer's economic situation had not changed other than that efforts were being made to sell the lumber business and that there was a "potential buyer." The asking price for the corporation was $15,000 of which Mr. Elizer would be entitled to approximately one-half if the transaction could be completed. It also appeared that although Mr. Elizer had no immediate prospects for employment he was actively seeking work and was confident that he would in time be successful in his search. He was 40 years old at the time of the hearing.

It was also shown that the older child was 18 and about to begin college with yearly attendance expenses of approximately $2,000. The younger son was shown to be 14 and suffering from a chronic illness

which would in all probability require that he be under a specialist's care for the rest of his life. The children's mother was shown to be employed at a salary of $115 per week and with group insurance coverage which included the children. Her situation was, with the exception of a small raise in pay, the same as when the original decree was entered. As part of the original divorce decree the wife was awarded as her sole property the residence of the parties, valued at $34,000 or $35,000 but subject to a mortgage of $20,900, all of the household goods and furnishings, a $7,000 savings account with accrued interest, a real estate income trust bond with a face value of $2,000, two mortgage realty bonds with a face value of $2,000 each, 100 shares of I.D.S. Realty Trusts valued at $8,500, 200 shares of Fidelity Convertible Bond Fund with a face value of $2,000 and a 1968 Oldsmobile. The court lifted the suspension order as to child support and denied the petition for modification.

■ Section 18 of the Divorce Act (Ill. Rev. Stat., ch. 40, par. 19) provides authority to fix the amount of child support, including educational expenses. (See *Waldron v. Waldron*, 13 Ill. App. 3d 964, 301 N.E.2d 167; *Sovey v. Sovey*, 30 Ill. App. 3d 690, 333 N.E.2d 299.) Under the generally accepted standard a father is to provide a reasonable and proper support according to the age, ability and circumstances of his children, and his own means. (*Plaster v. Plaster*, 47 Ill. 290; *Kohn v. Kohn*, 21 Ill. App. 3d 117; 315 N.E.2d 52.) In a similar vein, the amount to be paid for educational purposes depends upon the needs of the children and the ability of the father to pay. (*Gaddis v. Gaddis*, 20 Ill. App. 3d 267, 314 N.E.2d 627.) Determination of the amount of child support, including amounts for educational purposes, lies within the sound discretion of the trial court, and its decision will not be set aside unless it is contrary to the manifest weight of the evidence. *Sandberg v. Sandberg*, 11 Ill. App. 3d 495, 297 N.E.2d 654.

■■ Section 18 of the Divorce Act (Ill. Rev. Stat., ch. 40, par. 19), provides in part that "[t]he court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper." The cases uniformly hold that an alteration will be made only when the conditions and circumstances of the parties have materially changed since the entry of the original decree. (*Loucks v. Loucks*, 130 Ill. App. 2d 961, 266 N.E.2d 924; *Green v. Green*, 86 Ill. App. 2d 362, 229 N.E.2d 565; *Kelleher v. Kelleher*, 67 Ill. App. 2d 410, 214 N.E.2d 139; *Gregory v. Gregory*, 52 Ill. App. 2d 262, 202 N.E.2d 139.) The court may not arbitrarily or

capriciously modify the provisions for alimony or child support but can do so after a substantial change is shown to have occurred. (*Gregory v. Gregory.*) The burden of proof is upon the applicant to show such material changes in circumstances as would justify modification. *Kelleher v. Kelleher; Patterson v. Patterson,* 28 Ill. App. 2d 76, 170 N.E.2d 11; *Goodman v. Goodman,* 329 Ill. App. 444, 69 N.E.2d 26.

■■ Our review of the evidence has led us to conclude that the order of the trial court continuing the liability of the father for support for educational purposes was against the manifest weight of the evidence and must be reversed. The trial court found, and we agree, that Mr. Elizer had suffered substantial economic reverses. There was no evidence at the hearing on May 8, 1975, that Mr. Elizer's circumstances had improved since the suspension of payments following the hearing on February 6, 1975. While the father may have prospects for future employment, that cannot be translated into a present ability to pay. He clearly has no present resources from which to pay educational expenses and his liability to pay $40 per week for his minor, physically afflicted son will preclude his ability to make any payments for education for his older son. We believe that the liability of the father for the minor son is of a higher magnitude than his liability for education for the older son and accordingly must be afforded priority from the meager resources available from the father. The older son has now attained his majority, and under the statute, all liability for support payments ceases, except for educational expenses. There being no present ability to pay educational expenses, that liability, too, must cease. *Elble v. Elble,* 100 Ill. App. 2d 221, 241 N.E.2d 328.

By this ruling we in no way intend to foreclose the possibility that the father may again become liable for educational expenses for one or both of his sons. If the proposed sale of the lumber business should materialize, or if the father obtains employment, the circumstances then pertaining might well justify the court in ordering the resumption of payments of sums for educational purposes. Any material change in the circumstances of the father which might render him able to resume payments must, of course, be the subject of another petition to the court for an order of modification.

■■ We note that the settlement in the original decree of divorce left the plaintiff-mother substantial sums of money and property and under the circumstances she may be expected to share a portion of the responsibility for the support and education of the sons. *Sovey v. Sovey; Strom v. Strom,* 13 Ill. App. 2d 354, 142 N.E.2d 172.

For the foregoing reasons the order of the court denying modification

of the divorce decree insofar as it continued the liability of the father for support payments for educational purposes for the elder son is reversed; in all other respects the order of the trial court is affirmed.

Reversed in part; affirmed in part.

G. J. MORAN and CARTER, JJ., concur.