SHIRLEY J. GRAY, Plaintiff-Appellee, *v.* MARK S. GRAY, Defendant-Appellant.

Fourth District   No. 13011

Opinion filed June 24, 1976.

Rosenberg, Rosenberg, Bickes & Johnson, Chartered, of Decatur, for appellant.

Burger, Fombelle, Wheeler & Dvorak, P.C., of Decatur (Norman J. Fombelle, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff wife filed for and was granted a divorce from defendant. The husband appeals and the only question raised is whether the amount of child support awarded is against the manifest weight of the evidence. We reverse and remand for a redetermination of the child support.

The record reveals the following information. The wife, 21 years old at the time of the hearing, requested custody of the two young children of the marriage. She was unemployed but worked part-time in her parents' grocery store in return for the occasional use of their car. She testified to her monthly expenses for rent, utilities, food for herself and her two children, and clothing for the children. The total amounted to approximately $320. Plaintiff testified that she was not asking for alimony and that she understood that this would be a permanent bar to alimony.

Defendant, age 24, testified he is employed as a meat cutter at a local supermarket, has a take home pay between $160-$170 a week, works 45 hours a week, has monthly payment of $131.63 for a car, $30.63 to a local finance company, $10.25 to Sears, and $25 to Goldblatts. Defendant was also making monthly payments to the hospital and doctor for the costs of the delivery of the couple's second child.

The court's decree granted the divorce to the wife, awarded her custody of the children, possession of the household goods, $50 per child

per week child support and no alimony. Defendant was ordered to pay the above-stated child support, to maintain health and accident insurance for the children, was awarded ownership of the couple's car, and his personal effects, and ordered to pay the costs for the delivery of the baby. Tax refund checks owned by the parties were evenly divided.

It is apparent, from even a cursory look at the finances of this couple, that there just is not enough money to adequately support two households. As the trial court stated:

> "In this case like most cases it is pretty apparent that there's never going to be enough money for her and never enough for him and it's going to be always the children on the losing end."

■■■ The trial court's demonstrated main concern was to assure that there would be adequate support for the two young children. To this end, the trial court specifically considered the family unit's expenses for housing and utilities in determining the amount of child support. It is not error for the trial court to consider these necessities which are attributable to the need of the children. However, one of the considerations which must be taken into account is the ability of the husband to pay. (*Duvall v. Duvall*, 8 Ill. App. 3d 53, 289 N.E.2d 59.) He must have sufficient funds left to live on. Defendant testified to an average take home pay of approximately $165 a week. From this amount he must pay $400 in child support. Approximately $260 a month remains, from which defendant must make car payments of $131.63. Even ignoring the other debts testified to, this leaves defendant with approximately $32.50 per week for rent, food and other necessary expenses. The trial court has a wide discretion in awarding support. (*Knox v. Knox*, 31 Ill. App. 3d 816, 334 N.E.2d 891.) Nevertheless, under these circumstances, the award amounted to an abuse of discretion. Accordingly that part of the decree awarding $50 per week per child is reversed and the cause remanded for a redetermination of child support in accordance with the opinion expressed herein.

Reversed and remanded with directions.

TRAPP, P. J., and GREEN, J., concur.