Shiloh L. Strouse, Plaintiff-Appellant, v. Betty L. Strouse, Defendant-Appellee.

Gen. No. 10,763.

Fourth District.

October 6, 1966.

Dunn, Dunn, Brady, Goebel, Ulbrich & Hayes, of Bloomington, for appellant.

Campbell, Markowitz & Lawrence, of Bloomington (Robert Markowitz, of counsel), for appellee.

SMITH, J.

This is an appeal by the father from a decree which for the first time judicially determined the custody of the three children and awarded them to the mother. Prior to this petition, the custody had been a matter of agreement between the parties and two of the children

had been with the father and one with the mother. The principle contention of the appellant is that the trial court abused his discretion in uprooting the two girls, in placing the family together and that the best interests of the children do not require it.

Since Nye v. Nye, 411 Ill 408, 105 NE2d 300, the guiding star in child custody cases is the best interest of the child—a principle easy to enunciate and not so easy to apply. In the instant case, the qualifications and character of the respective parties are not in dispute nor is there any question about the adequacy and sufficiency of each home. At the time of the divorce decree in October 1963, Debra was 10 years old, Linda 8 and Roger 1½. The father obtained the divorce on the grounds of desertion and in the property settlement agreement retained the home. No judicial determination of custody was made but the contract of the parties provided for joint custody and it was agreed "that the children shall not for any extended period of time be separated to live in different households." The wife who had gone to live with her mother returned to the home during the daytime and looked after the children until the father returned. The wife remarried in September 1964, and a supplemental agreement was entered into whereby the girls remained with the father and Roger went to his mother with the right in the father to have the boy two weekends each month and for the month of August each year. The daughters were to reside with the father during the school year and with the mother for the months of June and July. This agreement likewise recited that "the parties feel it to be for the best interest of their said children that the children remain together as much as possible." It will be noted that this was possible during June, July and August. It was further agreed that the children "be together on all holidays, to the extent that the same is possible." The

father remarried in May 1965, and in October of that year the mother filed her petition for custody of all three children. The parents could no longer agree on custody provisions or the right of visitation.

This case is unique in the solicitude the parents displayed for the best interests of the children and their desire that they be kept together as much as possible. A court could do no better than emulate these desirable principles by decree. It is true that the decree now requires a change of schools by one of the girls and that they, in chambers, expressed their liking for the arrangement as it had been. These are proper considerations but not conclusive. The girls were reaching puberty where the advice and counsel of their own mother outweighs a multitude of considerations. The mother is a nurse by training and a full-time mother.

█ The child's preference is a proper factor to be considered by the court but per se is not sufficient standing alone to warrant a change of custody once adjudicated. Stickler v. Stickler, 57 Ill App2d 286, 206 NE2d 720. To categorically hold otherwise is to abdicate the responsibility of the court in favor of those who have neither the legal capacity nor the expertise to exercise the quality and degree of discretion required. We see no impelling reason for denying the application of this rule to instances of original adjudication as well as to change of custody cases.

█ The trial court relied heavily on Nye v. Nye, 411 Ill 408, 105 NE2d 300; Miner v. Miner, 11 Ill 43; Draper v. Draper, 68 Ill 17; and Jayroe v. Jayroe, 58 Ill App2d 79, 206 NE2d 266, in awarding the custody to the mother. We do not understand the court to have laid down a blanket unyielding rule but only that custody in the mother is preferred where small children, particularly daughters, are concerned, everything else being equal. The reasons behind the judicial adoption of this philosophy are sociological, and it is so stated in those

cases and so long as this sociological concept is accepted, the law's policy in this regard is no longer debatable. It seems clear to us that the trial court considered all factors and concluded, as the parties in their previous contracts had asserted, that the best interest of the children required that they be kept together if possible and feasible. The trial court saw and heard the witnesses. The children expressed their love for both parents. The uprooting basically requires a change of school for one girl only. The church choice of the children on this record is their own to make. We cannot say the trial court abused his discretion nor are we at liberty to set aside his decree unless it is against the manifest weight of the evidence. The judgment is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.