Opinion by
MR. JUSTICE ERICKSON.
Appellant, Donald Rutt, was convicted of kidnaping a fourteen-year-old girl. His main contention on appeal is that the prosecution’s evidence was insufficient to support his conviction in that it did not prove all the elements of the offense charged. We agree and, therefore, reverse the conviction and direct that the trial court enter a judgment of acquittal.
The information filed against Rutt was limited to the words of C.R.S. 1963, 40-2-44(5), which provides:
“A person shall be guilty of kidnaping who willfully:
“(5) Leads, takes, entices away or detains a child under the age of sixteen years against his will, for any purpose, with intent to keep or conceal it from its parents, guardian or legal custodian.”
Appellant maintains that there was no evidence whatsoever that the alleged victim was taken against her will. The People admit that the girl voluntarily and willingly accompanied Rutt in an ill-advised attempt to elope. However, the People assert that they need not prove that she was taken against her will. They base this assertion on C.R.S. 1963, 40-2-46, which provides, in pertinent part, that, “Upon the trial for a violation of sections 40-2-44 to 40-2-47 if the person kidnaped shall be under the age of seventeen years it shall not be a defense that the kidnaped person consented to the kidnaping.”
However, we cannot accept this argument when the charge was framed under C.R.S. 1963, 40-2-44(5) and not *182 under another section of the statute. Although C.R.S. 1963, 40-2-46 is applicable to charges laid under C.R.S. 1963, 40-2-44(1 )(2) and (4), it does not apply to a charge brought under C.R.S. 1963, 40-244(5), because of the specific language of that section, and does not relieve the prosecution of proving every element of the crime charged. Cf. Raullerson v. People, 157 Colo. 462, 404 P.2d 149 (1965); Lowe v. People, 16 Colo. 603, 234 P. 169 (1925). A material element of a charge laid under C.R.S. 1963, 40-244(5) is that the defendant acted against the will of the alleged victim. Here, the prosecution failed to show that this girl accompanied Rutt against her will. Thus, the appellant’s motion for a judgment of acquittal should have been granted. See generally People v. LaVoie, 155 Colo. 551, 395 P.2d 1001 (1964); People v. Urso, 129 Colo. 292, 269 P.2d 709 (1954).
Since appellant’s motion for a judgment of acquittal on the charge of kidnaping should have been granted, a new trial would be contrary to the Fifth Amendment guarantee against double jeopardy. U.S. Const, amend. V (Fifth Amendment); U.S. Const, amend. XIV (Fourteenth Amendment); Colo. Const, art. II, § 18; Hervey v. People, 178 Colo. 38, 495 P.2d 204 (1972).
Accordingly, we reverse the conviction and remand the cause with directions to the district court to dismiss the charge of kidnaping and to discharge Rutt.
jMR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY, and MR. JUSTICE LEE concur.