Opinion by
MR. JUSTICE GROVES.
The defendant was convicted of kidnaping and acquitted of rape. He seeks reversal of the conviction. We affirm.
The victim testified as follows: She had been driving home alone at approximately 11:00 p.m. While she was stopped at a traffic signal, the defendant, whom she had never seen before, jumped into her car. After initially stating that he only wanted to ride for a few blocks, the defendant ordered, “You better do what I say. I have a gun and I’ll kill you.” Although the victim never saw a gun, she believed the defendant had one. At other times the defendant ordered her not to honk the horn or to jump out of the car. Thereafter at his direction she drove him around for an extended time. The victim complied with the defendant’s requests for nearly four hours because she was afraid to refuse. At one point the defendant ordered her to stop the car and to remove her clothes. She complied and intercourse followed. Finally, the victim explicitly testified that the driving around had not been with her consent.
*221 I.
 A material element of the crime of kidnaping is that a person must be held against his or her will. The defendant argues that the evidence in the record regarding the victim being held against her will is so improbable that it could not justify the jury’s verdict. We do not agree.
II.
The defendant contends that the effect of the verdict of acquittal of rape demonstrates that the victim consented thereto and that it would be inconsistent for the jury to believe the same evidence concerning lack of consent as to the kidnaping charge. The defendant relies on Robles v. People, 160 Colo. 297, 417 P.2d 232 (1966). In Robles there were verdicts of guilty of conspiracy to commit robbery and not guilty of robbery. We said:
“The very same evidence which the jury apparently did not believe was sufficient to prove the defendant participated in the robbery was the only evidence which would prove him guilty of conspiracy. Under such circumstances, the conspiracy verdict cannot stand.”
Here, there was independent evidence of non-consent as to the kidnaping in addition to that of non-consent to the intercourse.
Further, it is speculative to say that the verdict of acquittal of rape showed consent to kidnaping. The jury may have found that other elements of rape were not proved. A question which the jury submitted to the court during its deliberations (which question was not answered), raises the possibility that the jury misconstrued the instruction relating to the apparent power of the defendant to carry out his threats.
III.
One of the instructions given to the jury read as follows: “The court instructs the jury that a person shall be guilty of kidnaping who wilfully abducts, steals away or secretes any man, woman or child, forcibly or otherwise; or who without lawful authority seizes, confines, imprisons, keeps or detains *222 another against his will, forcibly or otherwise, within the state or to be sent out of the state.”
It is apparent that this instruction was taken from the statute as it then existed. C.R.S. 1963, 40-2-44.
The defendant’s objection is that the first clause of the instruction relating to abduction, stealing away or secreting does not require that the abduction, stealing away or secreting be against the will of the person allegedly kidnaped. During the trial no objection was made to the instruction, but the defendant contends that the error is of such magnitude that we should recognize it as plain error, citing People v. Archuleta, 180 Colo. 156, 503 P.2d 346 (1972). The instruction is not a model, but there is a sufficient implication of non-consent in the words “abducts, steals away or secretes” that we decline to consider the matter as plain error.
IV.
The other assignments of error are without merit.
Judgment affirmed.
MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.