JEANNE ANDERSON, Plaintiff-Appellee, *v.* LEROY ANDERSON, Defendant-Appellant.

(No. 75-159; ▮▮▮▮▮▮▮)

Fifth District—October 7, 1975.

Frank H. Schniederjon, of Effingham, for appellant.

No brief filed for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This appeal arises from a judgment order entered January 29, 1975, modifying a divorce decree by changing the custody of the divorced couple's four minor children from the father, Leroy Anderson, to the mother, Jeanne Petermeyer (formerly Jeanne Anderson). The only issue raised is whether the trial court erred in exercising its power to grant the change in custody.

A decree of divorce was entered on August 6, 1970, granting a divorce between Leroy and Jeanne Anderson. Custody of their six minor children, two of whom have since reached majority, was given to the mother, Jeanne Anderson. On November 12, 1971, an order was entered giving temporary custody of the children to the father, Leroy Anderson; and in January 1972 he was given permanent custody. Since the order of January 29, 1975, which is the subject of the instant appeal, the four minor children have been in the custody of their mother.

Sometime after his divorce Leroy Anderson entered into a second

marriage; and during the time he had custody of the children, his household consisted of himself, his minor children, his present wife, Joyce, and her two sons, Michael (age 13) and Scott (age 10). The names of the children involved in the instant matter are Clara Beth (age 16), Dawn (age 13), Jeff (age 10) and Stacey (age 8).

In October 1974 plaintiff married Andrew Petermeyer. Their household prior to the addition of the four children with which we are presently concerned consisted of Jeanne Petermeyer, Andrew Petermeyer, his two daughters, Kathy (age 16) and Susie (age 14), and his son, Andrew, Jr. (age 25). According to Mr. Petermeyer, Andrew, Jr., was in the home only temporarily until he obtained his own apartment. Mr. Petermeyer's son Jeff (age 19), who was away attending college, might also be in the home during periods when college was not in session.

The trial judge heard testimony of numerous witnesses, including the four children involved, some of their school teachers, the parents, and others. Clara Beth Anderson, the oldest of the four children, testified that she could not get along with her stepmother and that she preferred living with her mother. She also stated that she felt she could not discuss problems with her stepmother but would be able to do so with her mother. Dawn and Jeff also testified as to their inability to get along with their stepmother and their preference to be with their mother. They both added that they also could not get along with their stepbrothers. The youngest child, Stacey Anderson, stated that she wished to live with her mother. A letter written by Stacey to her mother, in which the girl stated her desire to live with her mother, was admitted into evidence. Although defendant and Stacey Anderson's school teacher expressed their opinions that the little girl had been coached in writing the letter rather than authoring it on her own, Stacey denied such assertions by stating that she had written the letter by herself and without having been asked to.

The children's father, Leroy Anderson, admitted that there was a good deal of friction between Clara Beth and her stepmother. He felt, however, that there were no similar problems with respect to the other children.

■■ It is generally held in Illinois that the preference or wish of children by itself does not warrant a change of their custody from one parent to another. (*Elble v. Elble*, 100 Ill.App.2d 221, 241 N.E.2d 328.) However, the feelings of the children in custody matters should always be given serious consideration by the court (*Rosenberger v. Rosenberger*, 21 Ill.App.3d 550, 316 N.E.2d 1), particularly when the desire or preference of the children is based upon reasons related to their best welfare. (*Swanson v. Swanson*, 1 Ill.App.3d 753, 274 N.E.2d 465.) The guiding star in matters of child custody is, and must be at all times, the

best interest of the children. *Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300.

In the instant case the trial court not only heard the four children involved express their preference to live with their natural mother, but also, and more importantly, heard their expressions of the friction they were experiencing in their father's home. If the trial judge believed their statements, and he was in the best position to determine whether or not they should be believed, he must have assessed their life in their father's home as not being in the greatest harmony.

These are always difficult matters. Although the decision of the trial court in child custody determinations is subject to review, the trial court has a broad discretionary power to modify custody provisions, and its decision should not be disturbed unless palpably erroneous. *McDonald v. McDonald*, 13 Ill.App.3d 87, 299 N.E.2d 787; *Dent v. Dent*, 83 Ill.App.2d 394, 227 N.E.2d 787.

■■ We have determined here that the decision of the trial court was in the best interest of the children whose custody was transferred. However, we should point out our belief that, along with harmony in the home, stability is also a most important factor in this type of case. These children spent the first year after their parent's divorce living with their mother. They then spent slightly over three years living with their father. By the time the instant case was argued before this court they had spent nine months living again with their mother. If we were to reverse the decision of the trial court the children would be returned again to their father. We have before us the same guiding star as does the trial court— the best interest of the children. "Where a child's welfare is at stake, care must be taken that its welfare is not impaired by being shuttled between contesting parents." (*Collings v. Collings*, 120 Ill.App.2d 125, 256 N.E.2d 108.) Although we reiterate that this court will not hesitate to reverse a child custody order which is palpably erroneous, having considered all the evidence we feel that the decision of the trial court in this case should be affirmed.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.