JAMES WELLS, Plaintiff-Appellant, *v.* JUDITH A. WELLS, Defendant-Appellee.

Second District (2nd Division) No. 74-233

Opinion filed March 11, 1976.

Samuel E. Hirsch, of Chicago, for appellant.

Goldsmith, Dyer, Thelin, Schiller & Dickson, of Aurora, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from an order of March 29, 1974, modifying a decree of divorce by removing the custody of two minor daughters, then

aged 13 and 9, from the father, and placing it with the mother. The father appeals, claiming that the order changing custody was an abuse of judicial discretion in that there was no change in circumstances relative to the children's welfare which warranted the change of custody and that he (the father) has a superior right to the minor children, all other things being equal.

The parties to this appeal separated in 1968 and the children spent the next two years with the paternal grandparents in downstate Illinois. The four years thereafter were spent with their father, to whom custody was awarded in the divorce decree. The children were apparently placed in the temporary custody of their mother in late 1973 or early 1974, following an incident to be discussed later, and have remained with her since then.

One of the causes for the break-up of the Wells' marriage was the wife's extramarital relationships with various men, including the man who, five years later, became her second husband. She has subsequently been divorced from her second husband. One of the factors which led to her decision to end the second marriage was her second husband's unwillingness to allow her children to live in the home with them. The children's father did not remarry.

Both parents are employed and have suitable homes, within their means, in which to raise the girls. The remaining evidence, regarding the fitness of the respective parties for custody of the children is in conflict. There were allegations against each party of excessive drinking, uncontrollable temper, bodily threats against those who might play a part in the custody battle and disturbed sexuality. Also before the court was evidence that the children fear their father, that he disciplines them with a strap, and that both children are somewhat emotionally disturbed.

In an apparent attempt to be removed from her father's custody, the older daughter accused her father of taking indecent liberties with her—an accusation which led to a criminal complaint against him. The charge was eventually dismissed on the basis of results of a polygraph test to which both the father and daughter submitted themselves, and the daughter subsequently admitted she had lied regarding her father's sexual advances to her. As noted above, the children were apparently awarded to the temporary custody of their mother about the time of the criminal charges and they have been with her since.

An investigatory report by a social worker for the family division was requested by the court and filed in this case. It indicated that the daughters were afraid of their father, were adamant in their refusal to consider returning to his home, and were insistent that if returned to their father's custody, they would run away.

■■  The guiding principle in child custody cases is the best interests

of the children. (*Nye v. Nye*, 411 Ill. 408, 415 (1952).) As pointed out in *Strouse v. Strouse*, 75 Ill. App. 2d 362, 363 (1966), this principle is more easily enunciated than applied.

The trial court has broad discretion to modify custody provisions because questions regarding a child's welfare primarily involve questions of fact, and because the trial judge is in the best position to hear the evidence, make pertinent inquiry, and evaluate the candor and credibility of the witnesses. Its decision, though subject to review, will not be disturbed unless it is palpably erroneous (*Anderson v. Anderson*, 32 Ill. App. 3d 869, 871 (1975)), or unless the trial court abused its discretion or the order is contrary to the manifest weight of the evidence, (*McDonald v. McDonald*, 13 Ill. App. 3d 87, 90 (1973)), or unless it appears that manifest injustice has been done. *Hahn v. Hahn*, 69 Ill. App. 2d 302, 305 (1966).

■■ The courts are mindful that stability in a child's environment is a weighty factor (*Stickler v. Stickler*, 57 Ill. App. 2d 286, 290 (1965)), and, in that concern, a sound principle of law has evolved: custody will not be altered unless there has been a change in circumstance which involves the child's welfare. (See *Nye v. Nye*, 411 Ill. 408, 416 (1952); *Dunning v. Dunning*, 14 Ill. App. 2d 242, 250 (1957).) One of the factors to be considered in a change of custody action is the preference of the child involved (*Rosenberger v. Rosenberger*, 21 Ill. App. 3d 550, 553 (1974)), although it has been repeatedly stated by the Illinois courts that the child's preference for a change of custodial parent, without showing that the welfare of the child is affected, is not a sufficient change of circumstances to warrant a custody change. (*Stickler v. Stickler*, 57 Ill. App. 2d 286, 289 (1965).) When the child's desire, however, is based upon reasons related to its best welfare, the child's preference should be given serious consideration. *Anderson v. Anderson*, 32 Ill. App. 3d 869, 870 (1975).

■■ We cannot say the trial court abused its discretion in awarding the children's custody to the mother, or that its decision is palpably erroneous, or that manifest injustice has been done. This is not a case where one or the other parent is clearly best suited to have custody. The trial court heard lengthy testimony on both sides, recurrently interrogated the witnesses personally, ordered a custody investigation, and interviewed the children alone in chambers. The trial court was in the best position to evaluate the credibility of the witnesses and the needs of the children. Although the children's preference for their mother's custody by itself is not sufficient change in circumstance, when considered in connection with their apparent fear of their father, their

emotional instability, and the older daughter's desperate attempt to be free of him through falsification of a criminal charge against him, we feel the court was justified in finding sufficient change in circumstances related to the children's welfare to warrant a change in their custody.

■■ The plaintiff's second argument—that as between the father and the mother of a minor child, the father has the superior right to its custody, all things being equal—is without merit. Although language to this effect was used in the appellate case of *Stafford v. Stafford*, 217 Ill. App. 548 (1920), the statement was merely dicta. That case was a battle between the child's father and the child's aunt for the guardianship of the child, the child's mother being dead. Although the Illinois Supreme Court affirmed the decision in *Stafford* (299 Ill. 438 (1921)), it did not do so on the asserted grounds. Moreover, we have found no Illinois case holding that as between the natural mother and natural father of a child, the father's rights to its custody are superior, all things being equal. Indeed, in the long line of Illinois cases descendant from *Nye v. Nye*, there is a clear, opposite implication.

For the above reasons we affirm the order of the trial court.

Affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.