JUDGE WEBB specially concurring.
¶ 68 Despite agreeing that the conviction should be affirmed, I write separately because plain error analysis of unpreserved sufficiency appeals continues to divide this court. See People v. Rediger, 2015 COA 26, 411 P.3d 907 (Richman, J., specially concurring); People v. Heywood, 2014 COA 99, 357 P.3d 201 (Gabriel, J., specially concurring); People v. Lacallo, 2014 COA 78, 338 P.3d 442 (Román, J., dissenting). Presumably, this disagreement will be resolved when our supreme court issues its opinion in People v. Maestas, 2015 WL 222407 (Colo. App. No. 11CA2084, Jan. 15, 2015) (not published pursuant to C.A.R. 35(f) ) (cert. granted in part Oct. 26, 2015). Until then, however, Lacallo remains viable precedent. I answer the majority's attack on Lacallo as follows.
¶ 69 For three reasons, under Lacallo and Heywood, the vast majority of sufficiency appeals will still be decided the same way, whether or not analyzed for plain error. First, only a minority of federal courts has adopted an enhanced "obviously" insufficient requirement; Lacallo, ¶ 21, eschewed this question and Heywood, ¶ 35, rejected it. Second, plain error analysis will usually begin by examining the sufficiency of the evidence.
*778 See Rediger, ¶ 24 ("[W]e do not begin with the obviousness prong, ... [i]nstead, we ... start by weighing the evidence to apply the first plain error requirement-error."). Third, that examination is de novo. See id .
¶ 70 Thus, plain error analysis would lead to a different result only where the following relatively rare circumstances converge and permit the appellate court to begin this analysis with obviousness rather than sufficiency.
• A threshold question of statutory interpretation must be answered before the sufficiency of the evidence can be determined.
• This interpretation was crafted solely by appellate counsel.
• And it fails the obviousness requirement of plain error analysis because the statute does not include common terms or its language has never been interpreted. See id. at ¶ 12 ("An appellate court need not address the merits of a defendant's sufficiency-of-the-evidence claim when determining the meaning of operative statutory terms 'under existing Colorado authority would [have been] difficult,' or the argument does not implicate a 'well-settled legal principle that numerous courts elsewhere have uniformly embraced.' " (quoting Lacallo, ¶¶ 30-31)).
I. Morse Does Not Preclude Plain Error Analysis.
¶ 71 The majority's disagreement with Lacallo begins with Morse v. People, 168 Colo. 494, 498, 452 P.2d 3, 5 (1969).[1] Because the separate opinions in Lacallo and Heywood did not rely on Morse, I address this case. The majority advances two premises: first, plain error applies only to claims that have been forfeited; and, second, plain error cannot apply to unpreserved sufficiency claims because Morse exempted such claims from the broad and longstanding rule that unpreserved claims are forfeited.
¶ 72 Everyone would agree with the first premise.
¶ 73 But because no express language in Morse supports the second premise, I reject it. See City of Thornton v. Bijou Irrigation Co., 926 P.2d 1, 73 n.68 (Colo. 1996) ("In the absence of an explicit ruling, we do not interpret this case to overrule established precedent...."). Rather than creating an exception to the forfeiture rule for sufficiency claims, our supreme court only considered the sufficiency issue, despite lack of preservation, after concluding that the record was sufficient to do so.
¶ 74 By way of background, "[p]erhaps no standard governing the scope of appellate review is more frequently applied than the rule that an error not raised and preserved at trial will not be considered on appeal." 4 Wayne R. LaFave et al., Criminal Procedure § 27.5(c) (3d ed. 2007 & Supp. 2014) (internal quotation marks omitted). Under this standard, often described as the forfeiture rule, " 'a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " United States v. Olano, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (emphasis added) (quoting Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944) ). Forfeiture "encourage[s] all trial participants to seek a fair and accurate trial the first time around." United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (internal quotation marks omitted).
¶ 75 Colorado cases far too numerous for complete citation have adhered to this rule. See 2 Cathy Stricklin Krendl, Colorado Practice Series: Methods of Practice § 35:13 (6th ed. 2014) ("The general rule concerning appellate review of claims, defenses, and arguments is that if the claim, defense, or argument was not raised in a timely manner before the trial court, it may not be considered by the appellate court."). Consistent with Olano, our supreme court has said, "[f]inally, we review all other errors, constitutional and nonconstitutional, that were not preserved by objection for plain error."
*779 Hagos v. People , 2012 CO 63, ¶ 14, 288 P.3d 116 (emphasis added).
¶ 76 Everyone would also agree that the forfeiture rule does not bar appellate review. "[A]ll jurisdictions recognize one or more situations in which issues not raised below will be considered on appeal." LaFave, Criminal Procedure at § 27.5(c). In criminal cases, the most commonly applied exception-which has been codified in Colorado under Crim. P. 52(b) and its federal counterpart-is plain error. Id . This exception arose because "[a] rigid and undeviating judicial[ ]" application of the forfeiture doctrine "would be out of harmony with ... the rules of fundamental justice." Olano, 507 U.S. at 731-32, 113 S.Ct. 1770 (internal quotation marks omitted); see also Young, 470 U.S. at 15, 105 S.Ct. 1038 ("The plain-error doctrine ... tempers the blow of a rigid application of the contemporaneous-objection requirement.").
¶ 77 Appellate courts-including those in Colorado-have recognized exceptions to forfeiture other than plain error. See LaFave, Criminal Procedure at § 27.5(c). For example, jurisdictional issues may be raised the first time on appeal and are not subject to plain error analysis. See, e.g., People v. McMurtry, 122 P.3d 237, 241 (Colo. 2005) ("A defendant may challenge the subject matter jurisdiction of the court at any time...."). Additionally, appellate courts have the "discretion to consider an issue on appeal, notwithstanding the lack of objection below, when appellate review of that issue would serve the interest of judicial economy." LaFave, Criminal Procedure at § 27.5(c) ; see Hinojos-Mendoza v. People, 169 P.3d 662, 667-68 (Colo. 2007) (exercising discretion to review unpreserved challenge to constitutionality of statute both facially and as applied, "particularly in light of the fact that doing so will promote efficiency and judicial economy").
¶ 78 The majority reads Morse as having created another exception to forfeiture for unpreserved sufficiency claims. But in reaching the merits of the sufficiency claim, the Morse court did not mention Crim. P. 52(b), the forfeiture rule, or any of the existing exceptions to this rule. Nor did it cite any out-of-state authority holding that sufficiency claims should be exempted.
¶ 79 Instead, the sole explanation offered in Morse, 168 Colo. at 498, 452 P.2d at 5, was that the sufficiency claim could be "adequately reviewed on the basis of the record." This explanation reflects only that an appellate court may, in the interest of judicial economy, exercise its discretion to review an unpreserved claim, where the court can do so on the existing record . See, e.g., People v. Allman, 2012 COA 212, ¶ 15, 321 P.3d 557 ("Just as the absence of a sufficient record is a common basis for refusing to review unpreserved constitutional error, courts that have exercised their discretion to review such error have relied on the presence of a sufficiently developed record as a basis for doing so.").
¶ 80 Thus, a close reading of Morse does not support the majority's interpretation that it created an exception sparing unpreserved sufficiency claims from forfeiture. The supreme court has never cited Morse for this proposition. And while several divisions of this court have cited Morse concerning sufficiency claims, all but one- People v. Saleh, 25 P.3d 1248 (Colo. App. 2000), rev'd, 45 P.3d 1272 (Colo. 2002) -do so only for the proposition that such claims may be reviewed, even if unpreserved. Lacallo does not hold otherwise-it merely applies plain error analysis to an unpreserved sufficiency claim.
¶ 81 And because our supreme court has never held unpreserved sufficiency claims exempt from forfeiture, the language of Crim. P. 52(b) mandates applying plain error analysis to such claims when raised for the first time on appeal.[2] Under this rule, "[p]lain *780 errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim. P. 52(b). This language does not support an exception for certain types of errors or claims, such as sufficiency.
¶ 82 Nor do potentially countervailing policy arguments preclude reviewing unpreserved sufficiency claims for plain error:
The decision in Johnson [v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) ] regarding the meaning of "plain error" and when error is "plain" cannot be explained, or more importantly distinguished, based on practicalities or an analysis of trial practices or judicial economy in some circumstances as contrasted to others. The Court's ruling was based, as the decision itself says it must be, on the "Rule which by its terms governs direct appeals from judgments of convictions in the federal system." That Rule is the text of Rule 52(b), nothing more, nothing less. It is worth reiterating the Court's admonition in Johnson : "Even less appropriate than an unwarranted expansion of the Rule would be the creation out of whole cloth of an exception to it, an exception which we have no authority to make." The Supreme Court has spoken regarding the meaning of "plain error." Unless and until it changes that view, the logic of its decision in Johnson should control our interpretation of "plain error" and when error is "plain" within the meaning of Rule 52(b).
United States v. Escalante-Reyes, 689 F.3d 415, 457 (5th Cir. 2012) (footnotes omitted).[3]
¶ 83 To the extent the majority suggests that the Due Process Clause requires a different result, I disagree. " Rule 52(b) does not permit exceptions based on the gravity of the asserted error." United States v. Turrietta, 696 F.3d 972, 976 n.9 (10th Cir. 2012) ; see Puckett v. United States, 556 U.S. 129, 135-36, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) ; Johnson v. United States, 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) ("[T]he seriousness of the error claimed does not remove consideration of it from the ambit of the Federal Rules of Criminal Procedure."). Federal courts have uniformly rejected the assertion that sufficiency claims cannot be analyzed under plain error because of due process concerns. Lacallo, ¶ 13. And divisions of this court have applied plain error analysis to other constitutional issues having due process implications. Id . at ¶ 18 n.11 ; see also People v. Rodriguez, 914 P.2d 230, 278 n.50 (Colo. 1996) (noting exception for death penalty cases).
II. Crim. P. 29(a) and Crim. P. 33(a) Do Not Preclude Plain Error Analysis
¶ 84 Next, the majority asserts that "Colorado law contains no preservation requirement for sufficiency claims" because, under Crim. P. 33(a), "a party need not raise all the issues it intends to raise on appeal in [a motion for a new trial] to preserve them for appellate review." The majority also points out that while Crim. P. 29(a) "allows a defendant to move for judgment of acquittal .... [and] allows the trial court to enter such a judgment ... it does not require either to do so to preserve a sufficiency claim for appellate review."
¶ 85 But other than as to jury instructions, no rule of criminal procedure specifies what errors must be preserved by a contemporaneous objection. Rather, "the contemporaneous objection rule has been a bulwark of the Anglo-American Common Law for centuries." Ex parte Medellin, 280 S.W.3d 854, 861-62 (Tex. Crim. App. 2008). Thus, in my view, the majority's reliance on these rules to avoid plain error analysis-because a contemporaneous objection supposedly is not required-creates a false dilemma by equating the preservation requirement with a complete bar on appellate review.
¶ 86 The former version of Crim. P. 33(a) limited appellate review to those questions that were presented in a motion for a new trial. The current version of Crim. P. 33(a) removed that limitation-"The party, however, need not raise all the issues it intends to raise on appeal in such motion to preserve *781 them for appellate review." Thus, failure to raise an issue in a Crim. P. 33(a) motion no longer precludes appellate review. But Crim. P. 33(a) does not address-nor has it ever addressed-what issues must be preserved by contemporaneous objection or whether plain error analysis applies to an issue that was not raised in the trial court. The majority does not identify a Colorado case, nor have I found one, citing Crim. P. 33(a) to avoid the contemporaneous objection rule.[4]
¶ 87 Similarly, Crim. P. 29(a) permits-but does not require-a defendant to challenge sufficiency of the evidence by motion. Yet, like Crim. P. 33(a), it does not address whether plain error analysis applies when an insufficiency claim has not been raised.
¶ 88 Given all this, a sufficiency claim no doubt can be raised for the first time on appeal. Still, based on the breadth of the forfeiture rule, I would not exempt sufficiency claims from the requirement that unless an issue has been raised in the trial court, it is forfeited and subject to plain error analysis. Inferring such an exemption would be irreconcilable with the statement in Olano that "a right of any other sort" may be forfeited. 507 U.S. at 731, 113 S.Ct. 1770 ; see also Hagos, ¶ 14.
III. An Unpreserved Insufficiency Claim Should Be Reviewed Only for Plain Error
¶ 89 The majority offers three additional reasons for declining to use the plain error analysis employed in Lacallo and Heywood . I reject those reasons as follows.
A. Plain Error Analysis Is Not Limited to Trial Errors That Lead to Reversal and Retrial
¶ 90 In Hagos, ¶ 23, the supreme court explained that "[p]lain error review allows the opportunity to reverse convictions in cases presenting particularly egregious errors, but reversals must be rare to maintain adequate motivation among trial participants to seek a fair and accurate trial the first time." The majority posits that because "unlike egregious trial errors, appellate review of sufficiency claims will never result in reversal," plain error analysis should not apply.
¶ 91 But not all reversible errors in criminal cases lead to remand for retrial. For example:
• A double jeopardy violation also precludes retrial. People v. Rutt, 179 Colo. 180, 182, 500 P.2d 362, 363 (Colo. 1972). But our supreme court applies plain error where the double jeopardy claim is raised for the first time on appeal. People v. Davis, 2015 CO 36, ¶ 33, 352 P.3d 950 ("We apply the plain error standard in this instance because defense counsel did not object to the trial court's failure to merge [the defendant's] possession and distribution convictions at sentencing."); see People v. Herron, 251 P.3d 1190, 1193 (Colo. App. 2010) (collecting court of appeals cases). Davis is particularly instructive because the supreme court treated the double jeopardy issue as a "sufficiency-of-the-evidence question." Id . at ¶ 36. After examining the "paltry evidence" that "might" have supported the separate possession conviction, the court applied plain error analysis. It concluded that "[b]ecause Abiodun applies here, the trial court obviously and substantially violated [the defendant's] right to avoid double jeopardy," casting "serious doubt on the reliability of the trial court's decision to sentence [the defendant] to one year in prison for possession," and therefore the trial court "plainly erred when it failed to merge the possession conviction into the distribution conviction." Id . at ¶ 41.
• A speedy trial violation also results in remand for dismissal of the charges. People v. Rosidivito, 940 P.2d 1038, 1039 (Colo. App. 1996). Still, some federal courts review unpreserved speedy trial claims for plain error.
*782 United States v. Rice, 746 F.3d 1074, 1082 (D.C. Cir. 2014) ; United States v. Carrasco, 257 F.3d 1045, 1050-53 (9th Cir. 2001) (applying plain error analysis to Speedy Trial Act claim that was not raised in a motion to dismiss in the district court).
B. Trial Counsel Could Have Been Ineffective Even If the Statutory Interpretation Was Not Obvious at the Time of Trial
¶ 92 The majority next says that if "we were to reject the sufficiency claim on direct appeal under plain error review because the alleged error was not obvious at trial, the circumstances under which a Crim. P. 35(c) postconviction claim could provide relief is also not clear." But obviousness of an error is not part of Colorado's definition of deficient performance. Rather, the definition focuses on the prevailing professional norms. See, e.g., People v. Walton, 167 P.3d 163, 167-68 (Colo. App. 2007) ("The proper standard for evaluating counsel's performance, the first prong of the Strickland ineffective assistance test, is whether the lawyer's assistance was reasonable under prevailing professional norms considering all the circumstances of the case.").
¶ 93 Equating whether an error was obvious to a judge during trial to whether the prevailing professional norms indicate that lawyers should raise the issue conflates the roles of judges, as impartial arbiters, and lawyers, as advocates. What a judge should have seen differs from what defense counsel should have argued.
¶ 94 As explained in Burton v. State, 180 P.3d 964, 968 (Alaska Ct. App. 2008) :
There are many instances where, although an attorney may be acting incompetently, the attorney's incompetence (and any accompanying injustice) will not be obvious to the trial judge-and thus there will be no plain error.
This is so because "the crucial aspect of the plain error doctrine is that it focuses on what the judge should or should not have done," rather than on defense counsel. Id . Thus, "where a defense attorney may have been acting incompetently, but the trial judge had no reason to know this," appellate refusal to recognize plain error "will not preclude the defendant's later attempt to demonstrate the trial attorney's incompetence in post-conviction relief litigation." Id . at 969 ; see Deck v. State, 68 S.W.3d 418, 428 (Mo. 2002) ("The ultimate determination thus, is not the propriety of the trial court's actions with regard to an alleged error, but whether defendant has suffered a genuine deprivation of his right to effective assistance of counsel, such that this Court's confidence in the fairness of the proceedings is undermined.").[5]
C. Judicial Economy
¶ 95 The majority takes issue with Lacallo 's quotation from Hagos, ¶ 23 -" 'our need to encourage all trial participants to seek a fair and accurate trial the first time around,' " Lacallo, ¶ 15 -for several reasons, which I address separately.
¶ 96 The majority suggests that requiring sufficiency to be raised in the trial court does not further this "first time" objective because the prosecution is already required to prove every element of the case beyond a reasonable doubt. But as noted in Lacallo, id . at ¶ 15, the trial court could allow the prosecution to reopen its case, thereby making the trial a more accurate reconstruction of the historical events relevant to guilt or innocence.
¶ 97 Next, the majority observes that a motion or other action alerting the trial court to insufficiency is unnecessary because "the purpose of the trial is to determine whether there is sufficient evidence to prove the defendant committed a crime beyond a reasonable doubt." But as discussed above in explaining the very limited circumstances under which plain error analysis would produce a different result, a defendant's not *783 guilty plea hardly puts the trial court on notice that determining sufficiency of the evidence requires a preliminary-and wholly novel-statutory interpretation.[6]
¶ 98 Then the majority offers that because "appellate review of sufficiency claims will never result in reversals," no incentive exists "for a defendant to forgo raising a sufficiency claim at trial-even one that involves a novel statutory interpretation-suffer a conviction and sentence, and raise the claim on appeal." True, a successful sufficiency motion in the trial court and a similarly successful challenge on appeal have the same effect-dismissal of the charges. But encouraging motions in the trial court avoids the delay-during which most defendants remain incarcerated-and saves the resources otherwise involved in an appeal. Lacallo, ¶ 16; see Goods v. Pa. Bd. of Prob. & Parole, 912 A.2d 226, 235 (Pa. 2006) ("Part of the point, at least, for requiring contemporaneous objection is to ensure a prompt, trial level resolution of cases, and to thereby avoid the time and cost of unnecessary appeals.").
¶ 99 Finally, legitimate reasons may exist why defense counsel would not raise a sufficiency argument resting on a novel statutory interpretation. For example, counsel may have decided that an unsupported statutory sufficiency argument would probably be unsuccessful and raising it would undercut counsel's credibility. See Scott v. Mullin, 303 F.3d 1222, 1230 n.4 (10th Cir. 2002) ("[E]very weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court." (internal quotation marks omitted)).
IV. Preservation
¶ 100 Here, unlike in Lacallo, defendant at least made a general sufficiency challenge. Still, I would treat the issue as unpreserved-as does the majority-because the trial court could not possibly have understood that the sufficiency challenge rested on a statutory interpretation argument created by appellate counsel. See, e.g., People v. Pahl, 169 P.3d 169, 183 (Colo. App. 2006) (An issue is preserved where the objection sufficiently alerts "the trial court to a particular issue in order to give the court an opportunity to correct any error."). Untethered by this constraint, "[t]he only limitation upon this approach, now sanctioned by the majority, would be the creativity of appellate counsel." State v. Jones, 715 S.E.2d 896, 905 (N.C. Ct. App. 2011) (Steelman, J., concurring in the result).
V. Applying Plain Error Analysis
¶ 101 In most sufficiency appeals, as indicated, the analysis should begin-and will usually end-with examining the evidence. But cases where, as here, appellate counsel advances a completely new statutory interpretation argument, and then challenges sufficiency based on that interpretation, are different. Ignoring this difference disregards Crim. P. 52(b) and innumerable cases limiting new arguments on appeal to plain error analysis. See, e.g., People v. Padilla, 638 P.2d 15, 17 (Colo. 1981) ("If a party fails to object to an instruction, an appellate court will not consider the issue unless the appellant can show prejudice amounting to plain error within the meaning of Crim. P. 52(b)."); People v. Huynh, 98 P.3d 907, 914 (Colo. App. 2004) ("However, because this argument is raised for the first time on appeal, reversal is not warranted in the absence of plain error.").
¶ 102 In Lacallo, the interpretation advanced by the defendant was plausible, yet undecided. No Colorado case had interpreted the operative phrase, nor had any Colorado case "provide[d] a commonly accepted definition" of the relevant terms. Lacallo, ¶ 29. Thus, because "determining the meaning of [the phrase] under existing Colorado authority would [have been] difficult," the division held that the alleged sufficiency error based on defendant's interpretation was not obvious, and did not examine the sufficiency of the evidence. Id . at ¶¶ 30, 32.
¶ 103 Heywood is like Lacallo in one way and different from it in another. Because *784 the operative statutory terms had never been interpreted, no "previous case law would have alerted the court to the error." Heywood, ¶ 36 (internal quotation marks omitted). But unlike Lacallo, those terms had "common and ordinary meanings." Id . And because the defendant's interpretation conformed to those meanings, id ., the division held that the alleged sufficiency error based on defendant's interpretation was obvious. Then the division examined the sufficiency of the evidence de novo.
¶ 104 To the extent that Lacallo and Heywood illustrate two different scenarios of plain error analysis in sufficiency cases, this case presents a third.
¶ 105 As in Heywood, the statute-section 18-3-404(1)(g), C.R.S. 2014,-is clear and unambiguous. It applies to any "actor," which, as the majority explains, "requires no real or purported professional status." And its plain language does not restrict application to a specific class of actors. But unlike in Heywood, the argument advanced by defendant-proving a section 18-3404(1)(g) violation requires evidence of a physician-patient relationship-engrafts a novel requirement onto this language.
¶ 106 In fulfilling its "duty to construe statutes according to their plain meaning," a court applies the statute "as written." In re Marriage of Chalat, 112 P.3d 47, 54 (Colo. 2005). Because applying section 18-3-404(1)(g) as written could not have led the trial court to examine the evidence in the way that defendant challenges it on appeal, I would conclude that defendant has not met the obviousness requirement of plain error. And based on this conclusion, I would not reach the merits of the sufficiency challenge.
VI. Conclusion
¶ 107 After following this process, I would affirm the judgment.

The majority also cites People v. Roggow, 2013 CO 70, ¶ 13, 318 P.3d 446, where the supreme court "review[ed] questions relating to sufficiency of the evidence de novo." But in Roggow, the sufficiency contention was preserved.

I disagree with the majority's assertion that Lacallo "premised the application of plain error review on" two court of appeals cases-People v. Harris, 633 P.2d 1095, 1099 (Colo. App. 1981) and People v. Rice, 40 Colo. App. 357, 361, 579 P.2d 647, 650 (1978) -which the majority posits are no longer reliable. Although Lacallo cited these cases, its premise for applying plain error analysis to sufficiency claims was that Crim. P. 52(b) "does not support an exception for sufficiency claims that a defendant fails to bring 'to the attention of the court.' " Lacallo, ¶ 12 (quoting Crim. P. 52(b) ).

Crim. P. 52(b) mirrors its federal counterpart. See Crumb v. People, 230 P.3d 726, 731 n.5 (Colo. 2010) (looking to federal law interpreting a federal rule of criminal procedure that is similar to a Colorado rule).

C.R.C.P. 59(b) contains similar language that filing a motion for post-trial relief does not "limit the issues that may be raised on appeal." Still, no Colorado case has cited Rule 59(b) to avoid the contemporaneous objection rule.

Because plain error analysis and ineffective assistance of counsel claims have differing burdens of proof, a conclusion that an error is not obvious does not preclude raising ineffectiveness under Crim. P. 35(c). As explained in Hagos, ¶ 1, "a determination that instructional error did not constitute plain error does not control a determination of prejudice under Strickland v. Washington, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because the two standards are not the same. The plain error standard requires that an error impair the reliability of the judgment of conviction to a greater degree than the Strickland prejudice standard."

In United States v. Atkinson, 990 F.2d 501, 503 (9th Cir. 1993), cited by the majority, the defendant did not raise such a statutory interpretation argument for the first time on appeal.